James H. ELSBERRY, Plaintiff,

v.

Ralph HAYNES, Norman L. Coffelt, Leonard Geb, Harold Atteberry, and Fireman's Fund Insurance Company, a Corporation, Defendants.

Civ. No. 66-221.

United States District Court
W. D. Oklahoma.

Aug. 2, 1966.

See also D.C., 256 F.Supp. 735; D.C., 256 F.Supp. 738.

Robert P. Kelly, Pawhuska, Okl., for plaintiff.

Neal A. Sullivan, Newkirk, Okl., for defendant Haynes.

Northcutt, Northcutt and Jackman, Ponca City, Okl., for Atteberry.

Raymond A. Trapp, Ponca City, Okl., for Geb.

Duffy, Johnson and Berry, Ponca City, Okl., for Coffelt and Fireman's Fund Ins. Co.

## ORDER

DAUGHERTY, District Judge.

Upon consideration of the Motions to Dismiss of the defendants, Leonard Geb and Harold Atteberry, the Court finds that the same should be granted as to Count No. I of the Amended Complaint and denied as to Count No. II of the Amended Complaint.

Plaintiff claims that his action arises under 42 United States Code § 1983, and jurisdiction is vested in this Court by 28 United States Code § 1343.

42 United States Code § 1983 provides as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

28 United States Code § 1343 provides in pertinent part as follows:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

\* \* \* \* \* \*

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

"(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."

In his Amended Complaint the plaintiff alleges that the defendants Geb and Atteberry caused the arrest and confinement of the plaintiff by taking the necessary steps to obtain Informations against him for the State crime of obtaining services and/or cash and merchandise by means of a false and bogus check. The plaintiff alleges that the defendants Geb and Atteberry, in this regard, were "acting under color of law" but this allegation is only a conclusion. The plaintiff does not allege the official capacity of

said defendants Geb and Atteberry, that said defendants were acting jointly with one acting under color of law, or any facts upon which the conclusion is made that said defendants were "acting under color of law."

■■ The bald, unsupported conclusion and statement that the defendants Geb and Atteberry were "acting under the color of law" without more will not suffice. 42 United States Code § 1983 requires an allegation and showing that the person complained against was either a State official acting under color of State law or that said person was acting jointly with a State official acting under color of law. Plaintiff's failure to meet this basic requirement in order to proceed under 42 United States Code § 1983 in his original Complaint and again in his Amended Complaint, filed in the face of an attack on this shortcoming, leads only to the proposition that the defendants Geb and Atteberry were not acting under color of State law but only in their private and individual capacities in bringing the charges against the plaintiff.

■ As to Count No. II, the plaintiff alleges a diversity of citizenship and the involvement of the required jurisdictional amount. This Count, which is not artfully drawn, appears to seek damages for false arrest and/or malicious prosecution. The Amended Complaint as to Count No. II states a claim upon which relief could be granted and shows this Court to have jurisdiction.

It is, therefore, ordered that the Motions to Dismiss of the defendants Leonard Geb and Harold Atteberry are sustained and granted as to Count No. I of the Amended Complaint of plaintiff and the cause of action contained in Count No. I of said Amended Complaint is hereby dismissed as to the defendants Leonard Geb and Harold Atteberry. It is further ordered that the Motions to Dismiss of the defendants Leonard Geb and Harold Atteberry are denied as to Count No. II set forth in the Amended Complaint.