Russell ARENSMAN, Plaintiff-Appellant,

v.

Roger BROWN, Prosecuting Attorney in and for the 57th Judicial Circuit of the State of Indiana, Theodore Hill, Superintendent of the Dr. Norman M. Beatty Memorial Hospital, Victor Diamond, Chief Psychiatrist, Dr. Norman M. Beatty Memorial Hospital, Defendants-Appellees.

No. 18025.

United States Court of Appeals, Seventh Circuit.

July 30, 1970.

Russell S. Armstrong, Evansville, Ind., for appellant.

Roger W. Brown, Jasper, Ind., William F. Thompson, Mark Peden, Asst. Attys. Gen., Indianapolis, Ind., Theodore L. Sendak, Atty. Gen., of Indiana, for defendants-appellees.

Before SWYGERT, Chief Judge, MAJOR, Senior Circuit Judge and CAMPBELL, Senior District Judge.*

MAJOR, Senior Circuit Judge.

Plaintiff instituted this suit with a two-count complaint, Count I predicated upon Sec. 1983, and Count II upon Sec. 1985(2), of the Civil Rights Act, Title 42 U.S.C.A. Defendants named were Wayne L. Hudson and Robert D. McGowan, acting in their official capacity as members of the Indiana State Police Department, and Don Tharp, a member of the Police Department of the City of Huntingburg, Indiana (hereinafter referred to collectively as the officers). Also named as defendants were the City of Huntingburg; Roger Brown, prosecuting attorney for the 57th Judicial Circuit of the State of Indiana, which included Dubois County; Theodore Hill, superintendent of the Dr. Norman M. Beatty Memorial Hospital, an institution administered and maintained by the State of Indiana, and Victor Diamond, chief psychiatrist of that institution.

All defendants moved to dismiss both counts of the complaint for failure to state a cause of action. The motion was denied as to the officers but allowed as to the other defendants. The court at plaintiff's request, pursuant to Rule 54(b), Federal Rules of Civil Procedure, entered a final judgment of dismissal as to the City of Huntingburg, Brown, Hill and Diamond. Plaintiff acquiesces in the dismissal as to the City but appeals from the order of dismissal as to Brown, Hill and Diamond (appellees named in the above caption).

Plaintiff's counsel in oral argument before this court admitted that Count II

of the complaint, which charged that all defendants entered into a conspiracy in violation of Sec. 1985(2), was properly dismissed. This leaves for consideration only the charge made in Count I, as it pertains to Brown, Hill and Diamond. In dismissing the charge as to these defendants, the District Court stated:

"The plaintiff has stated that the only relief requested against the defendants Hill and Diamond is that of an equitable nature only. Traditionally, equity will not act where there is an adequate remedy at law. In the case at bar, plaintiff has an adequate remedy at law as to these defendants, to-wit: Habeas corpus, thus equity jurisdiction will not attach. [Citing cases.]

"Finally, as to Prosecutor Brown, the complaint fails to disclose any allegations that would indicate he has acted in a manner clearly outside the authority or jurisdiction of his office, so as to destroy the immunity which protects him."

While we think the case borders on the frivolous and that the court's order of dismissal was proper, the earnest presentation made by plaintiff's counsel entitles him to more than an abrupt dismissal of his appeal. For this reason we summarize the facts as alleged in plaintiff's complaint, including those which took place prior to the time that Brown, Hill and Diamond are alleged to have had any connection with the matter.

Plaintiff was named as defendant in a divorce suit brought by his wife in the Dubois Circuit Court August 28, 1963. On October 3, 1963, the court entered an order for her support. On August 15, 1966, plaintiff's former wife filed a contempt citation for his failure to comply with the court's order. After a hearing on the matter, the court found plaintiff in contempt for his failure to comply with the support order, and issued a Writ of Attachment against him for his

---

* Senior District Judge William J. Campbell is sitting by designation from the Northern District of Illinois.

instant presentment to the court to answer for such contempt. On August 29, 1966, accompanied by other officers, the sheriff went to the home of plaintiff's parents to arrest him. Plaintiff alleges that these officers broke in without permission, with pistols drawn. Plaintiff was also armed, shots were fired and plaintiff was wounded in the hand. The officers arrested plaintiff and placed a criminal charge of resisting arrest against him in the Dubois Circuit Court.

The court was advised that plaintiff (defendant in the criminal case) was unable to stand trial and, on August 30, 1966, appointed two physicians to examine him, who reported to the court that he was unable to assist counsel in his defense in said criminal case. The court proceeded under Sec. 9–1706a, Burns' Ind.Stat.Ann., and after a hearing where plaintiff was represented by counsel ordered him committed to the Division of Maximum Security of the hospital as provided by law. We need not set forth or discuss the lengthy statutory provision under which the court acted, as plaintiff concedes on brief, "The Dubois Circuit Court had jurisdiction of Arensman in the said criminal proceedings therein, and said court had jurisdiction of the subject matter and the power to commit Arensman under the above quoted statute. The judgment of the Dubois Circuit Court was therefore for all practical purposes and intents a valid judgment, and could not therefore be attacked in the state courts by habeas corpus."

Plaintiff sought the recovery of damages in the amount of $1,000,000 against the officers who participated in his arrest and the City of Huntingburg, none of whom is a party to this appeal. The sole relief sought against Brown, the prosecuting attorney, is that he "be restrained, prohibited and enjoined from prosecuting said criminal cause of action against the plaintiff." The sole relief sought against Hill and Diamond is that they "be restrained and enjoined from restraining keeping, and detaining the plaintiff in said hospital," and that they

"be mandated to release and to order the release of the plaintiff herein from the said hospital."

It is pertinent to note that it is not alleged or claimed that any of the instant defendants had any connection with the divorce proceedings, the contempt adjudication or the issuance of the Writ of Attachment which authorized plaintiff's arrest; that they were responsible in any manner for the events which plaintiff alleges took place at the time of his arrest, or that they had any part in the proceedings by which plaintiff was committed to the hospital. The complaint does not even allege that Brown was responsible for filing criminal charges against him. It merely alleges that the arresting officers took "him into custody and placed a criminal charge against him of resisting arrest."

However, on brief plaintiff argues "that at the time of the filing of the complaint herein Brown persisted in perpetrating said charges even though he knew or should have known of the facts set forth in plaintiff's complaint." Brown on brief admits that acting in his capacity as prosecuting attorney he approved of the criminal charge filed against plaintiff, based on substantial information which he received from the arresting officers, and that he has and does oppose its dismissal. There is no allegation or claim that Brown did not have probable cause to act as he did or that he acted beyond the scope of his official capacity.

We think the only question as to Brown is whether he was cloaked with immunity. Plaintiff cites three cases in support of his contention that he was not. Dombrowski et al. v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22; Whirl v. Kern, 407 F.2d 781 (CA–5), and Johnson v. Crumlish, D.C., 224 F. Supp. 22.

The court's decision in *Dombrowski* is based upon a highly complicated state of facts, far different from those here, and is of no aid to plaintiff. However, the court recognized certain pertinent prin-

ciples (380 U.S. page 484, 85 S.Ct. pages 1119–1120):

"* * * the Court has recognized that federal interference with a State's good-faith administration of its criminal laws is peculiarly inconsistent with our federal framework. It is generally to be assumed that state courts and prosecutors will observe constitutional limitations as expounded by this Court, and that the mere possibility of erroneous initial application of constitutional standards will usually not amount to the irreparable injury necessary to justify a disruption of orderly state proceedings."

The court called attention to 28 U.S.C. Sec. 2283, which provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

As to that section the court stated (footnote, page 484, 85 S.Ct. page 1119):

"This statute and its predecessors do not preclude injunctions against the institution of state court proceedings, but only bar stays of suits already instituted. [Citing cases.]"

That statement is of pertinency to the instant situation where plaintiff seeks to restrain the prosecutor from proceeding with an action previously instituted and to require the hospital doctors to ignore the court mandate by which plaintiff is being detained.

In *Whirl*, the court held that a sheriff was liable for false imprisonment in holding the plaintiff for a period of nine months after the expiration of the time fixed in an order of commitment, and stated (407 F.2d page 792):

"It may safely be said that Kern's ignorance for nine long months after the termination of all proceedings against Whirl was, as a matter of law, ignorance for an unreasonable time."

This case likewise is of no aid to the plaintiff here.

In *Johnson*, the court held that a district attorney, even if acting within the scope of his official duties, was not immune from civil liability under the Civil Rights Act. While that case can be distinguished on its facts, we need not do so because in our view it is contrary to the overwhelming weight of authority.

The District Court in the instant case relied heavily upon Bauers v. Heisel, 361 F.2d 581 (CA–3), which held that a prosecuting attorney is entitled to the same immunity as is afforded members of the judiciary. In so doing it was stated (page 590):

"* * * his office is vested with a vast quantum of discretion which is necessary for the vindication of the public interest. In this respect, it is imperative that he enjoy the same freedom and independence of action as that which is accorded members of the bench."

Another opinion which supports this principle is Sires v. Cole, 320 F.2d 877, 880 (CA–9).

█ It appears that this court has consistently followed the general rule that a prosecuting attorney is immune from liability for acts performed in the discharge of his official duties. The issue was well reasoned by Judge Duffy in Phillips v. Nash, 7 Cir., 311 F.2d 513, 516, in which he cited and discussed numerous cases, concluding with the pertinent observation:

"We are convinced that Congress never intended, by the enactment of the Civil Rights Act, to open the federal courts to suits to be brought by those persons who have been prosecuted by a State's Attorney and who claim that such official acted with malice, or otherwise did not fully comply with his official duties. We should not, by judicial fiat, convert what would otherwise be ordinary state-law claims for false imprisonment, malicious prosecution or assault and battery into Civil Rights cases merely on the basis of conclusory alle-

gations in a complaint that constitutional rights have been violated."

Other decisions of this court to the same effect are Stift v. Lynch, 267 F.2d 237; Peckham v. Scanlon et al., 241 F.2d 761, 763; Jennings v. Nester, 217 F.2d 153, 155.

There is nothing alleged or from which it can be reasonably inferred that Brown as prosecuting attorney acted other than in the proper discharge of the duties of his office both in preferring the charge of resisting arrest and in refusing to dismiss it, as the plaintiff seeks to have done by a mandatory injunction. His actions are cloaked with immunity, and the complaint as to him was properly dismissed.

The relief sought against Hill and Diamond, custodians of the hospital where plaintiff is detained, is wholly without merit. He is held as the result of a commitment made by a court in accordance with Indiana law and after a hearing where he was represented by counsel. The record clearly reveals that he was accorded due process in the proceedings which resulted in his commitment; in fact, he does not contend to the contrary.

The same section of the Indiana Statute which the court followed in the proceedings which resulted in its order of commitment provides: "Whenever the defendant shall become sane the superintendent of the insane hospital shall certify the fact to the proper court," which may enter such order as it may deem appropriate. Plaintiff does not allege that he is restored to sanity or, if so, that the custodians of the hospital refuse to report that fact to the court.

Plaintiff cites Indiana cases to the effect that habeas corpus is not available to him in a state court. He does not claim that a federal court would not have jurisdiction to entertain a petition for habeas corpus. We think that it would, providing the petitioner could show that his constitutional rights were violated in the proceeding which resulted in his commitment. See Miller v. Overholser, 92 U.S.App.D.C. 110, 206

F.2d 415, 419; Hill v. Nelson, D.C., 272 F.Supp. 790.

The refusal of the District Court to take equity jurisdiction against the hospital custodians (as well as the prosecuting attorney) finds ample support in the cases. In Stefanelli et al. v. Minard et al., 342 U.S. 117, 72 S.Ct. 118, 96 L. Ed. 138, the defendant sought an injunction under Title 42 U.S.C.A. Sec. 1983, against the use in a state court of evidence allegedly obtained by unlawful seizure. The reasoning of the court in affirming the dismissal of the complaint is pertinent to the instant situation. The court stated (page 120, 72 S.Ct. page 120):

"For even if the power to grant the relief here sought may fairly and constitutionally be derived from the generality of language of the Civil Rights Act, to sustain the claim would disregard the power of courts of equity to exercise discretion when, in a matter of equity jurisdiction, the balance is against the wisdom of using their power. Here the considerations governing that discretion touch perhaps the most sensitive source of friction between States and Nation, namely, the active intrusion of the federal courts in the administration of the criminal law for the prosecution of crimes solely within the power of the States."

In Hoffman v. Halden, 268 F.2d 280, 300 (CA-9), the court made the pertinent statement:

"We think the failure of a jailor or keeper to release a prisoner held on a warrant or commitment cannot be the basis for a civil rights action regardless of allegations of malice, motive or intent. His act is required by law. Even if the statute were later held void or the conviction later set aside, so long as he acted under authority of the writ or warrant, he was performing a duty which the law *at that time* required him to perform."

In Kenney v. Fox, 232 F.2d 288 (CA-6), the court affirmed the dismissal of

the complaint, based on Sec. 1983 of the Civil Rights Act, against a number of defendants, including the custodians (two doctors) of a mental institution to which the defendant had been committed. As to the doctors the court stated (page 290):

"We agree also with the reasoning of the district judge concerning the non-liability of the two doctors. As stated in his opinion, the institutional doctors should not be expected or even permitted to go behind a court order of commitment of a person to a state mental hospital where, on its face, the order appears to be valid."

For the reasons stated, we hold that the court properly dismissed the complaint as to Brown, Hill and Diamond. The order appealed from is

Affirmed.