Donna Reiter BROOKS et al., Plaintiffs,

v.

Wilmer PETERS, Sheriff of Menominee County, his deputies and special deputies, Daniel Aschenbrener, District Attorney, Shawano and Menominee Counties, George Kenote, James Freschette, and N. E. Isaacson and Associates, and all persons acting in concert or cooperation with them, Defendants.

No. 70-C-476.

United States District Court,
E. D. Wisconsin.

Feb. 19, 1971.

Joseph F. Preloznik, Wis. Judicare, Madison, Wis., David A. Suemnick, Green Bay, Wis., for plaintiffs.

Foley & Lardner, by Maurice Mc-Sweeney, Milwaukee, Wis., for Isaacson & Associates, Kenote and Freschette.

Eberlein & Eberlein, by Frederic C. Eberlein, Shawano, Wis., for Peters.

Robert W. Warren, Atty. Gen., by Mary V. Bowman, Asst. Atty. Gen., Madison, Wis., for Aschenbrener.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs in this action are Menominee Indians and members of an organization known as Determination of Rights and Unity of Menominee Stockholders ("DRUMS"). They allege that the defendants have violated the plaintiffs' first and fourteenth amendment rights by preventing the plaintiffs from assembling for the "purposes of peacefully, and in a non-violent manner, expressing certain grievances held by them." On August 27, 1970, this court, after a hearing, denied the plaintiffs' application for a temporary restraining order. All of the defendants except Daniel Aschenbrener have moved for dismissal of the plaintiffs' complaint; Mr. Aschenbrener has moved for summary judgment.

The complaint alleges that the plaintiffs are stockholders in a corporation called Menominee Enterprises, Inc., whose president is the defendant Joseph Freschette. Menominee Enterprises, Inc., has formed a partnership with another defendant, N. E. Isaacson and Associates, called "Lakes of the Menominees." The affidavit of George Kenote discloses that Lakes of the Menominees is involved in the development of a recreational area called Legend Lake.

The plaintiffs contend that it is their desire to conduct peaceful demonstrations in a parking lot near a sales office operated by the Lakes of the Menominees partnership. These demonstrations, the plaintiffs argue, are part of an attempt to gather proxies to end a voting trust which the plaintiffs aver is "diluting the control of stockholders of Menominee Enterprises, Inc." The defendant George Kenote is the chairman of the voting trust.

The plaintiffs also contend:

"6. That Defendants WILMER PETERS [the sheriff of Menominee County], his deputies and special deputies, and DANIEL ASCHENBRENER [the district attorney of Shawano and Menominee Counties], acting under color of state law, have subjected Plaintiffs who are citizens of the United States, to the deprivation of the rights of Freedom of Speech and Assembly as guaranteed by the 1st and 14th Amendments to the United States Constitution in that:

"a) Sheriff WILMER PETERS, his deputies and special deputies, with the acquiesence [sic] of District Attorney Aschenbrener, have refused to allow Plaintiffs entrance to a parking lot, which is not posted and which is otherwise held open to the public and to all white citizens, for purposes of peacefully, and in a non-violent man-

ner, expressing certain grievances held by them.

"b) That Defendants have harassed and threatened Plaintiffs, and have permitted private individuals to harass and threaten Plaintiffs, thus aiming a 'chilling effect' toward Plaintiff's [sic] rights of Freedom of Speech and Assembly as guaranteed by the 1st and 14th Amendments to the Constitution of the United States.

"7. That Defendant GEORGE KENOTE previously signed a complaint against Plaintiffs, causing their arrest by Sheriff PETERS, that Defendants knew or should have known that there was no basis for such complaint and arrest, that the complaint and arrest were made with the sole intent of harassing Plaintiffs, and that said complaint was subsequently dismissed by the District Attorney, on his own motion, as having no legal basis, and that said harassment produces a chilling effect on the exercise of Plaintiff's [sic] 1st and 14th Amendment rights.

"8. That on July 11, 1970, Paul Bang, a cameraman for National Educational Television (NET), while filming a meeting organized by DRUMS, was beaten by one of the deputies in the presence of the Sheriff, and that the Sheriff failed to act to stop the beating until the demand was made upon him by Joseph F. Preloznik, Attorney for the Plaintiffs, and that Plaintiff's [sic] fear that there will be recurrences of the beatings and harassment as experienced by Paul Bang and others, and that threats of such violence have indeed been made upon the lives and property of Plaintiffs and the members of DRUMS.

This court's jurisdiction and the plaintiffs' alleged cause of action is founded upon 28 U.S.C. § 1343(3) and (4), and 42 U.S.C. §§ 1981, 1982 and 1983. Injunctive relief, only, is sought.

It is my opinion that this is a proper case for the application of abstention. This case has had at least three separate contacts with the state courts. There has been a request for relief made to the circuit court for Outagamie County; there was communication with the county judge of Shawano-Menominee County; and, finally, there was a state arrest made pursuant to a formal complaint. Thus, there has been significant state court activity so as to suggest the applicability of the following language from Dombrowski v. Pfister, 380 U.S. 479, 484, 85 S.Ct. 1116, 1120, 14 L.Ed.2d 22 (1965):

"* * * It is generally to be assumed that state courts and prosecutors will observe constitutional limitations as expounded by this Court, and that the mere possibility of erroneous initial application of constitutional standards will usually not amount to the irreparable injury necessary to justify a disruption of orderly state proceedings."

In Phillips v. Nash, 311 F.2d 513, 516 (7th Cir. 1962), the court said:

"We are convinced that Congress never intended, by the enactment of the Civil Rights Act, to open the federal courts to suits to be brought by those persons who have been prosecuted by a State's Attorney and who claim that such official acted with malice, or otherwise did not fully comply with his official duties. We should not, by judicial fiat, convert what would otherwise be ordinary state-law claims for false imprisonment, malicious prosecution or assault and battery into Civil Rights cases merely on the basis of conclusory allegations in a complaint that constitutional rights have been violated."

Although the complaint attempts to assert a cause of action under the civil rights act, the complaint does not, in my opinion, depict a situation in which state courts will fail to assure adequate vindication of these claimed constitutional rights. Thus, abstention would seem appropriate under Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943), and 28 U.S.C. §

2283. In the recent case of Arensman v. Brown, 430 F.2d 190, 194 (7th Cir. 1970), the court quoted from Stefanelli et al. v. Minard et al., 342 U.S. 117, 120, 72 S.Ct. 118, 120, 96 L.Ed. 138 (1951), as follows:

"For even if the power to grant the relief here sought may fairly and constitutionally be derived from the generality of language of the Civil Rights Act, to sustain the claim would disregard the power of courts of equity to exercise discretion when, in a matter of equity jurisdiction, the balance is against the wisdom of using their power. Here the considerations governing that discretion touch perhaps the most sensitive source of friction between States and Nation, namely the active intrusion of the federal courts in the administration of the criminal law for the prosecution of crimes solely within the power of the States."

In Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967), federal courts were directed to entertain applications for declaratory relief where first amendment rights were in jeopardy; however, in the case at bar, declaratory relief is not requested, but, instead, only an injunctive remedy is sought. There is no compelling reason why this court should assert power to decide the issues presented by this complaint; but, on the other hand, there is good reason for applying principles of comity to the existing situation. See Zwicker v. Boll, 270 F.Supp. 131 (W.D.Wis.1967), aff'd 391 U.S. 353, 88 S.Ct. 1666, 20 L.Ed.2d 642 (1968).

Even without the foregoing disposition because of abstention, I find that the complaint is insufficient as to the several defendants. I will now consider the claims against the various parties.

■ The motions to dismiss of Joseph Freschette and N. E. Isaacson and Associates must be granted. There is nothing in the complaint to indicate the manner in which these defendants were involved in the events alleged to have oc-

curred. A civil rights complaint requires at least a modicum of factual allegations to link a defendant to the wrongs of which a plaintiff complains. See Borchlewicz v. Partipilo, 44 F.R.D. 540, 542 (E.D.Wis.1968).

It has already been noted that the only relief sought by the plaintiffs is of an equitable nature. Thus, this case is much like Schnell v. City of Chicago, 407 F.2d 1084 (7th Cir. 1969), where the court stated at page 1086:

"This is a suit for equitable relief only and it is apparent from the literal wording of section 1983 that injunctive relief is a proper remedy if the alleged unconstitutional deprivation of rights is established. See Adams v. City of Park Ridge, 293 F.2d 585 (7th Cir. 1961)."

■■ I am of the opinion, however, that the complaint in the present action fails to charge any unconstitutional conduct on the part of Mr. Freschette or N. E. Isaacson and Associates. It is true that a private individual who joins with state officials to violate protected rights may be held responsible under the civil rights statutes. See Adickes v. S. H. Kress Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Hoffman v. Halden, 268 F.2d 280 (9th Cir. 1959); Weise v. Reisner, 318 F.Supp. 580 (E.D.Wis.1970). However, the complaint is devoid of any factual allegations from which this court could infer that Mr. Freschette or N. E. Isaacson and Associates were involved with state officials in the events which brought about this lawsuit. See Rodes v. Municipal Authority, 409 F.2d 16 (3rd Cir. 1969), cert. denied, 396 U.S. 861, 90 S.Ct. 133, 24 L.Ed.2d 114 (1969), rehearing denied, 396 U.S. 950, 90 S.Ct. 377, 24 L.Ed.2d 256 (1969); Asher v. Harrington, 318 F.Supp. 82 (E.D.Wis.1970). For this reason, the complaint must be dismissed as to these two defendants.

■ Much of the same reasoning may be applied, as well, in evaluating the complaint as to the defendant George Kenote. The only assertion of action on

the part of this defendant is the signing of a complaint, ostensibly without basis, which allegedly resulted in the arrest of the plaintiffs. Whether the charges were true or false is not for this court to determine in considering Mr. Kenote's motion to dismiss. Jordan v. Kelly, 223 F.Supp. 731, 737 (W.D.Mo.1963). Standing alone, action like that attributed to Mr. Kenote does not result in the deprivation of civil rights so as to impose liability under 42 U.S.C. §§ 1981, 1982, and 1983, and it cannot form the basis for injunctive relief.

It appears from the face of the present complaint that Mr. Kenote was acting in an individual capacity in signing the complaint upon which the plaintiffs were arrested. See Elsberry v. Haynes, 256 F.Supp. 736, 738 (W.D.Okl. 1966). In Weise v. Reisner, 318 F.Supp. 580, 581 (E.D.Wis.1970), this court stated:

"[It] has been noted often that private individuals acting pursuant to a state law are not acting 'under color of' that law so as to result in the imposition of liability under § 1983."

It is my conclusion that the complaint fails to allege any unconstitutional conduct on the part of Mr. Kenote and cannot withstand his motion to dismiss.

■ As to the sheriff, the request for injunctive relief is predicated upon his alleged refusal to allow the plaintiffs entrance to a parking lot, upon his arrest of the plaintiffs without basis, and upon his refusal to give the plaintiffs protection when requested.

In my opinion, the complaint does not adequately allege a cause of action against the sheriff. The introductory portion of paragraph 6 of the complaint is entirely conclusory; there it is averred that the defendants deprived the plaintiffs of their rights under the first and fourteenth amendments.

Paragraph 6 b) is also generally conclusory in its reference to harassment, threats and chilling effect. Paragraph 7 does not set forth a cause of action under the civil rights act against the sher-

iff; it is acknowledged therein that a formal complaint was issued. The execution of the warrant by the sheriff does not sustain a valid claim against Mr. Peters. The allegations of paragraph 8 may have given Mr. Bang a cause of action for a battery, but it does not create a cause of action in these plaintiffs against Mr. Peters.

If there is to be a factual basis found in this complaint for a charge under the civil rights act against the sheriff, it must be located, if at all, in the language of paragraph 6 a). However, in my opinion, paragraph 6 a) does not adequately allege a deprivation of the plaintiffs' civil rights.

To describe the parking lot as one "which is otherwise open to the public" does not distinguish it from most parking lots. In other words, a privately owned parking lot is ordinarily "not posted" and "open to the public". The veiled assertion in paragraph 6 a) that the lot in question is one "open to all white citizens" should not, in my opinion, be tortured into an affirmative claim that it is not open to non-whites.

■ Amalgamated Food Employees Union Local 590 v. Logan Valley Plaza, 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed.2d 603 (1968), does not relieve the inherent inadequacy of the complaint. A shopping center may not exclude from its public portions persons who seek to exercise their first amendment rights, but a parking lot is not in the same category as a shopping center; the public does not have an unrestricted right to enter a privately-owned parking lot, even though it is generally open to the public.

■ With regard to the district attorney, Daniel Aschenbrener, the complaint charges that he acquiesced in the sheriff's actions and that he dismissed the charges initiated by Mr. Kenote, thereby evidencing his desire to harass and intimidate the plaintiffs. Arensman v. Brown, 430 F.2d 190 (7th Cir. 1970), lends support to Mr. Aschenbrener's arguments that his motion for summary judgment should be granted.

*Arensman* points out that a degree of immunity cloaks the activities of a prosecuting attorney when he acts "in the proper discharge of the duties of his office". 430 F.2d at 194. What was true of the complaint in *Arensman* is true of the complaint in the present action: there is nothing to indicate that the actions of the district attorney were taken in any way other than in the proper discharge of his prescribed duties. Furthermore, to say that Mr. Aschenbrener "acquiesced" in the sheriff's actions is only a conclusion.

I conclude that the court should abstain from entertaining this case and also that the plaintiffs' complaint fails to state a cause of action against these defendants.

Therefore, it is ordered that the motions to dismiss the plaintiffs' complaint as to the defendants Joseph Freschette, N. E. Isaacson and Associates, Wilmer Peters, and George Kenote be and hereby are granted, and that the motion for summary judgment in favor of the defendant Daniel Aschenbrener be and hereby is granted.