William HOWARD a/k/a Mujahid Farid, Plaintiff,

v.

Correction Officer CRONK and Superintendent of the Green Haven Correctional Facility, Defendants.

No. 79 Civ. 6605.

United States District Court, S. D. New York.

March 20, 1980.

William Howard a/k/a Mujahid Farid pro se.

Robert Abrams, Atty. Gen., New York City, for defendants; Nancy B. Bensal, Asst. Atty. Gen., New York City, of counsel.

## MEMORANDUM OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, appearing pro se, filed a complaint in December 1979, pursuant to 42 U.S.C., section 1983, charging the defendants, a correctional officer and the superintendent of the correctional facility at which plaintiff is incarcerated, with violating his constitutional right to counsel. The original complaint alleges that the plaintiff was prevented by the defendant Cronk on October 25, 1979 from meeting with his attorney at the prison and further that this act was taken because of a "legal petition instituted against the administration of [the] facility by [plaintiff]." The complaint also states that since the filing of that petition, there have been "numerous" instances of harassment directed against plaintiff.

Plaintiff now moves to amend his complaint in order to allege another incident of harassment which allegedly took place shortly after the filing of the original complaint. The new matter alleges that on December 27, 1979, the plaintiff was not produced for a visit by his counsel.

Pro se complaints by state prisoners alleging violations of their civil rights by state prison officials must be liberally construed and are held to less stringent standards than formally drawn pleadings. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Williams v. Vincent,* 508 F.2d 541, 543 (2d Cir. 1974). Moreover, permission to amend a complaint

is to be freely granted. Fed.R.Civ.P. 15. Even under such generous standards, however, the allegations plaintiff seeks to add to his complaint are insufficient. In order for liability to be imposed under section 1983, there must be some showing that the defendant is personally responsible for the conduct complained of. *Duchesne v. Sugarman,* 566 F.2d 817, 830 (2d Cir. 1977). *See also Rizzo v. Goode,* 423 U.S. 362, 370–71, 96 S.Ct. 598, 603–04, 46 L.Ed.2d 561 (1976); *Smith v. Ambrogio,* 456 F.Supp. 1130, 1136–37 (D.Conn.1978) (Newman, J.); *Brooks v. Peters,* 322 F.Supp. 1273, 1276 (E.D.Wis. 1971).

■ Plaintiff's proposed amended allegations are completely devoid of any such linkage. They do not name or implicate either defendant in this case as a participant in any fashion, direct or indirect, in the alleged incident of December 27, 1979. Accordingly, the motion to amend the complaint is denied. *See Browning Debenture Holder's Com'tee v. DASA,* 560 F.2d 1078, 1086 (2d Cir. 1977); *Bricker v. Crane,* 468 F.2d 1228, 1233 (1st Cir. 1972).

So ordered.