**Cecil C. PHILLIPS, Plaintiff,**

v.

**Clarence E. SINGLETARY, Judge, et al., Defendants.**

**Civ. A. No. 72–109.**

United States District Court,
D. South Carolina,
Columbia Division.

Oct. 13, 1972.

---

G. Simms McDowell, III, Charleston, S. C., for plaintiff.

Joseph C. Coleman, Asst. Atty. Gen., Columbia, S. C., William Jerry Fedder, Seneca, S. C., Lowell W. Ross, Howard G. Petit, Jr., Walhalla, S. C., H. Grady Kirven, Anderson, S. C., for defendants.

## ORDER

BLATT, District Judge.

This matter comes before the court upon the respective defendants' motions to dismiss plaintiff's complaint which was filed on January 24, 1972. This action must be construed as one cognizable, if at all, under 42 U.S.C. § 1983 and/or § 1985(2). The plaintiff was charged with the crime of rape, pled guilty to this charge, and was sentenced in 1965 for a term of 25 years, which sentence he is presently serving. The complaint seeks money damages by charging a general conspiracy among the named defendants to deprive plaintiff of his constitutional rights. The complaint also charges the individual defendants with individual deprivations of plaintiff's rights.

Following their respective answers to the complaint, the defendants each moved for summary judgment on the ground that the action was barred by the six-year South Carolina Statute of Limitations (Sections 10–141 and 10–143 of the South Carolina Code of Laws). This court declined to dismiss this action on that procedural ground, citing Section 10–104 of the South Carolina Code of Laws:

"§ 10–104. *Exceptions as to persons under disability.*—If a person entitled to bring an action mentioned in article 3 of this chapter, except for a penalty or forfeiture or against a sheriff or other officer for an escape, be at the time the cause of action accrued either: . . .

(3) Imprisoned on a criminal or civil charge or in execution under the sentence of a criminal court for a less term than his natural life;

The time of such disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended:

(1) More than five years by any such disability, except infancy; nor

(2) In any case longer than one year after the disability ceases."

This court felt that section made inappropriate the defense raised by the defendants, and by Order dated April 26, 1972, directed that counsel be appointed to assist plaintiff in this matter.

Following appointment of G. Simms McDowell, III, Esquire, as counsel for the plaintiff, a hearing was held in Charleston, South Carolina, on August 10, 1972. At that hearing, the respective defendants interposed various other defenses as will hereinafter appear more fully. At the conclusion of the hearing, this court directed the parties to submit further memoranda of law on the legal questions left unresolved at the hearing and requested counsel for the plaintiff to consult further with the plaintiff and if he deemed it advisable, amend the complaint or bring to the court's attention any factual base for this action that was not developed at the hearing. The issues having been joined and further evidentiary hearings not deemed necessary, this court grants each defendants' motion to dismiss for the reasons hereinafter set forth.

 In his complaint, the plaintiff alleges that the individual defendants conspired against him by allowing him to tender a guilty plea when they knew he was under the influence of drugs. He also alleges individual acts of abetment in furtherance of this conspiratorial scheme. The defendant Clarence Singletary, Circuit Judge for the Ninth Judicial Circuit of South Carolina, has moved to dismiss this action because he is immune from such suit in that he was at all times stated in the complaint the presiding judge at the guilty plea proceeding and all allegedly unlawful acts were done in his official capacity as presiding judge and were within his authority as such. Courts in the United States have unanimously held that "judges are absolutely immune from civil liability for any actions performed by them in their judicial capacity." Steinpreis v. Shook, 377 F.2d 282 (4 Cir.

1967). This prophylactic cloak also extends to suits brought under 42 U.S.C. § 1983. Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); McCrary v. Maryland, 456 F.2d 1, 3, (4 Cir. 1972). Defendant Ballenger, the prosecuting attorney in plaintiff's criminal proceeding, raises the same defense as the defendant Singletary, and likewise seeks dismissal. It is settled that a prosecuting attorney, when acting in his official capacity, is protected by the same immunity in a civil suit against him that is applicable to judges, provided, of course, that his acts were within the scope of his jurisdiction and were authorized by law. McCray v. Maryland, *supra*; Guedry v. Ford, 431 F.2d 660 (5 Cir. 1970). The complaint alleges no acts by the defendant Ballenger which could be construed as falling without the ambit of his authority. Thus, no cause of action cognizable under 42 U.S.C. § 1983 and/or 1985(2) lies against either of these defendants.

 The defendant, Dr. Edward Davis, moves for dismissal on the same ground asserted by the defendant Ballenger, viz., that he, as a quasi-judicial officer, is immune from civil suit. The plaintiff alleges that Dr. Davis signed a false statement to the effect that plaintiff was able to stand trial when he was, in fact, aware that plaintiff was under a sedative and not in control of his faculties. It is an uncontroverted fact that Dr. Davis, the county physician, examined the plaintiff at the behest of the court. Physicians appointed by the court to conduct examinations of persons under the jurisdiction of that court are an arm of that court and, as such, are, while acting pursuant to and in the scope of such appointment, afforded the same immunities from civil suit as other quasi-judicial officers. Burkes v. Callion, 433 F.2d 318 (9 Cir. 1970); Bartlett v. Duty, 174 F.Supp. 94 (N.D.Ohio 1959). Plaintiff has offered no allegation or proof that Dr. Davis acted outside the scope of authority vested in him and, therefore, his motion is granted as respects all claims against him.

The defendants Agnew and Branham, plaintiff's retained counsel during his criminal proceeding, have moved for dismissal on the ground that plaintiff has failed to state a cause of action for which relief can be granted. This motion is posited on the contention that 42 U.S.C. § 1983 does not encompass a cause of action based on the ineffectiveness or misdeeds of counsel. Section 1983 prescribes two elements as requisite for recovery: (1) the improper conduct must have been done by some person acting under color of state or local law, and (2) that such conduct must have subjected the plaintiff to a deprivation of rights secured to him by the United States Constitution. The instant action against defendants Agnew and Branham fails on both grounds. It has been held that an attorney of record in an action at law is an officer of the court, but such position does not in and of itself elevate an attorney to the status of an officer or agent of a governmental unit. Christman v. Pennsylvania, 275 F.Supp. 434, 435 (W.D.Pa.1967). In addition, the only allegations in plaintiff's complaint apposite to these defendants as individuals make out, at best, a cause of action based on negligent representation which does not constitute a denial of due process of the law. Fletcher v. Hook, 446 F.2d 14, 15 (3 Cir. 1971). Therefore, absent diversity of citizenship (plaintiff and both defendants are South Carolina residents), this court is without jurisdiction to hear this matter under 42 U.S.C. § 1983, and these defendants' motions to dismiss the complaint are granted as they pertain to that portion of the complaint cognizable under 42 U.S.C. § 1983. The defendant Owens, Sheriff of Oconee County, does not contend that he is immune from suit or that the acts alleged to have been committed by him are not cognizable under 42 U.S.C. § 1983. Thus, in recapitulation, only Sheriff Owens is amenable to suit under 42 U.S.C. § 1983. However, the complaint also names each defendant as members of the conspiracy and a review of this facet of the cause of action necessarily follows.

The complaint, when viewed with the liberality such pro se petitions command, can possibly be construed as alleging a cause of action cognizable under 42 U.S.C. 1985(2) which reads as follows:

"Obstructing justice; intimidating party, witness, or juror

(2) If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; of it two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;"

At the hearing on August 10, 1972, counsel for the plaintiff conceded that 42 U.S.C. § 1983 and 1985(2) provided the only statutory bases for relief in this court absent diversity of citizenship. In the recent case of Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the Supreme Court held that an action brought under 42 U.S.C. § 1985(3), a statute kindred to 1985(2), could be maintained against wholly private conspiracies without any requirement that the conspirators be

acting under color of state law. For comparative purposes, Section 1985(3) reads as follows:

"Depriving persons of rights or privileges

(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within the State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

*Griffin* also defines the type of conspiracy requisite to a 1985(3) action, as follows:

"The language *requiring intent to deprive* of equal protection, or equal privileges and immunities, *means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.* The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all." 403 U.S. at 102, 91 S.Ct. at 1798. (Emphasis added.)

■ The Supreme Court, intentionally avoiding reposing in 1985(3) the ingredients of a general federal tort law, made class animus a signal requirement under this section. Thus, "it is clear . . . that a 'complaint alleging purposeful *discrimination* towards an individual with no allegation of racial or otherwise class-based motivation' is insufficient under Section 1985(3)." Hughes v. Ranger Fuel Corporation, 467 F.2d 6 (4 Cir. 1972). Neither this court nor counsel has discovered any post-*Griffin* decision extending the teachings of *Griffin* to a 1985(2) suit. In fact, there is a general paucity of case law on 1985(2), either pre-*Griffin* or post-*Griffin*. In one pre-*Griffin* case, a district judge held that tenants in a multiple dwelling had stated a cause of action against their landlord for conspiring to impede justice with intent to deny the tenants equal protection of the law. Mullarkey v. Borglum, 323 F.Supp. 1218 (S.D.N.Y.1970). That court treated 1985(2) and (3) as kindred sections of a common statutory scheme. That is precisely the issue before this court. Should the *Griffin* requirements for 1985(3) be extrapolated to 1985(2) suits? Because of the similarity in language of the two sections and because many courts have not distinguished between the sections, this court feels that this question should be answered in the affirmative. In a quite recent case involving a possible application of Section 1985(2) (parenthetically, it is interesting to note that in such case the plaintiff, proceeding pro se, was held accountable for a failure to allege a conspiracy with any degree of specificity) the Court of Appeals for the Second Circuit, inferentially, read the *Griffin* requirements into a 1985(2) action. In a footnote, after holding the plaintiff's complaint to be defective for failure to

allege a conspiracy between two parties, the court stated: "We are not to be understood to indicate that the *type* of conspiracy here suggested would necessarily be cognizable under 42 U.S.C. § 1985(2) as a matter of law." Serzysko v. Chase Manhattan Bank, 461 F.2d 699, 703 (2 Cir. 1972).

A close and liberal scrutiny of the complaint discloses that it is barren of any allegation of any class-based motivation on the part of the defendants. The plaintiff and the defendants are members of the same race and sex; there is no allegation nor has there been any proof that religious discrimination is the basis of the alleged conspiracy. In fact, it is patently clear that no construction of this complaint, no amended complaint, and no offer of proof, could establish any class motivation for the defendants' alleged conspiracy to impede justice. Therefore, the conspiracy allegations of the complaint are dismissed as against all defendants.

There remains only the amenability of Sheriff Owens to suit under 42 U.S.C. § 1983 and in connection therewith, this court has reviewed the habeas corpus petitions filed in the state and federal courts by the plaintiff and in each petition, plaintiff was afforded a full evidentiary hearing. In separate exhaustive opinions, the Honorable C. Bruce Littlejohn, presiding Judge of the Tenth Judicial Circuit in Phillips v. South Carolina, unreported memorandum decision, 2/18/67 and the Honorable Donald Russell, United States District Judge in Phillips v. Oconee County, D.C., 314 F.Supp. 1376, 1969, both after extensive hearings, reviewed the identical charges raised by the plaintiff in the instant action and denied relief based on such charges. Thus, it is clear to this court that plaintiff now seeks monetary relief on the same basis for which he has already twice been denied postconviction relief and this court concurs in the opinions of Judge Littlejohn and Judge Russell that there is no basis for any relief to be granted to the plaintiff.

Thus, the plaintiff's complaint against Sheriff Owens is factually denied.

This court would be remiss if it did not state that in its opinion a review of the entire record reveals that the plaintiff has attempted to circumvent the more than adequate legal protection extended him under the law of this state, and, in the process, has made an effort to sully the reputations of distinguished members of the South Carolina bench and bar, and this court looks with disfavor upon such efforts.

For the reasons advanced above, the complaint in all its particulars is dismissed against each defendant individually and as a group.

And it is so ordered.