Jon Joseph **KELLY**

v.

**Percy FOREMAN et al.**

**Civ. A. No. 73–H–1674.**

United States District Court,
S. D. Texas,
Houston Division.

Nov. 21, 1974.

Jerry D. Patchen, Houston, Tex., for plaintiff.

Percy Foreman, pro se.

Morton L. Susman, Houston Tex., for E. G. Hudson.

Stuart M. Nelkin, Houston Tex., for Nelson Bunker Hunt and Ralph Shank.

## MEMORANDUM AND ORDER

SINGLETON, District Judge.

The instant cause was brought pursuant to Section 1985 of Title 42 of the United States Code. The defendants have brought on their motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief can be granted.

Section 1985 contains three subsections, the first of which is inapplicable to this case. Subsection (2) of the statute can be subdivided into three subparts.

The first subpart of subsection (2) reads in part:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat any party or witness in any court of the United States from attending such court or from testifying to any mat-

ter pending therein, freely, wilfully, and truthfully . . ..

It is plaintiff's allegation, in essence, that he was intimidated and threatened by the defendants so that he refused to give information to law enforcement officers that otherwise he would have given and, further, causing him to refuse to testify against the defendants. He alleges that he has been injured in that as a result of the acts of the defendants in furtherance of their conspiracy, he has suffered pain and suffering, mental anguish, lost wages, loss of future wages, loss of future enjoyment and deprivation of constitutional rights, particularly and specifically his sixth amendment right to effective assistance of counsel in a criminal proceeding.

The second subpart of subsection (2) reads in part:

> If two or more persons in any State or Territory conspire . . . to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror . . ..

The plaintiff has alleged that the defendants conspired for the purpose of preventing an indictment being returned against certain of the defendants by influencing the grand jurors and that by doing so the plaintiff was injured. Professor Antieau in his treatise FEDERAL CIVIL RIGHTS ACTS, § 95, "Rights Protected Under 42 U.S.C. § 1985(2)," interprets this subsection of the statute to be granting to "a grand or petit juror the right to be free from a conspiracy to influence his decision or to injure him for his verdict, presentment or indictment," at 124. Professor Antieau has found, however, no reported cases under either subpart 1 or subpart 2 of § 1985(2), nor has the court found any such cases. For that reason, the court believes it is free to interpret the language of the statute. The language of the statute

does not limit the right of recovery under this subpart to the grand or petit juror. Section 1985 is written in one long sentence, divided into subparts by semicolons and commas. In the last few lines of the statute, the remedy for all of the varied forbidden activities is given:

> In any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

Clearly the statute gives a cause of action to any person injured in the course of the alleged conspiracy to influence the grand or petit juror. The court cannot say on the bare pleadings whether or not Mr. Kelly could prove that he was injured.

The third subpart of § 1985(2) reads in part:

> [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen, the equal protection of the laws, or to injure him or his property for lawfully enforcing or attempting to enforce the right of any person, or class of persons, to the equal protection of the laws . . ..

There also appears to be very little if any judicial interpretation of this subpart of the statute, although one court has held that it is not to be construed in the same way as § 1985(3). Hoffman v. Halden, 268 F.2d 280 (9th Cir. 1959). Section 1985(2) defines a conspiracy to impede, hinder, or obstruct justice with the intent to deny equal protection, while Section 1985(3) defines a conspiracy to deprive a person or class of persons of the equal protection of the

law or equal privileges and immunities under the law.

There is no authority for an identical construction of the two statutes, but the defendants have relied heavily upon the Supreme Court's interpretation of § 1985(3). The opinion holds that the statute encompasses the conduct of private persons, untinged by the color of state law, and that it is intended to be confined to situations in which there is "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all." Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971).

■ The Court's interpretation of § 1985(3) italicized the word "equal" in holding that the section referred to racial discrimination or "perhaps other class-based" discrimination. Footnote 9 of page 102 of the opinion specifically reserved on the question of whether or not the section could be used in these other class-based situations, however. At best the plaintiff in the instant suit alleges a deprivation of the due process of law as the result of the conspiracy, not a denial of equal protection because of invidious discrimination. In order to find that the plaintiff could maintain his suit under this particular subpart of § 1985(2), this court would have to interpret the words "equal protection of the laws" as used in that statute as having a meaning entirely different from that in § 1985(3). This the court cannot do. Since the plaintiff clearly could not bring himself within the purview of § 1985(3) because he alleges no racial or other class-based invidious discrimination, he could not bring himself within the purview of § 1985(2), subpart 3.

The defendant has contended that because the plaintiff cannot show invidious discrimination he has failed to state a claim under any subpart of § 1985(2). Although "equal protection" has the same meaning in both § 1985(3) and § 1985(2), so that in order to come within the equal protection language one must allege invidious discrimination, this does not mean that § 1985(2) is concerned in its entirety with equal protection. Section 1985(2) reads:

Obstructing justice; intimidating party, witness, or juror

(2) If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws; . . . .

■ The defendant and Professor Antieu have suggested that § 1985(2) be divided into three parts, but the court believes the statute is more understandable if divided into two parts, one before and one after the semicolon. After the semicolon the statute repeats the language with which it begins: "if two or more persons conspire . . . . " Before the semicolon there is no "equal protection of the laws" language. Rather, the statute speaks in terms of conspiratorial activities taken in connection with cases pending in "any court of the United States." After the semicolon

the statute, like § 1985(3), speaks in terms of the equal protection of the laws. It is logical to assume that Congress intended by the language of § 1985(2) before the semicolon to protect specific activities vital to the functioning of courts of the United States, without requiring any allegation or proof of invidious discrimination.

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Taking all of his alleged facts as true, which the court must do in deciding a motion to dismiss pursuant to Rule 12 (b)(6), the court holds that the plaintiff has stated a cause of action under 42 U.S.C. § 1985(2).

Further, the court finds that the plaintiff's allegations are sufficient under Rule 8 of the Federal Rules of Civil Procedure.

Accordingly, the defendants' motions to dismiss are denied.