Robert D. **DAVIS** and Carl L. **Mason,** etc.

v.

James Alvin **SPROUSE** et al.

**Civ. A. No. 75–0425–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Dec. 17, 1975.

**46**

Ivy P. Blue, Jr., Hanover, Va., for plaintiffs.

John D. Tyler, C. Thomas Mustion, Morton L. Wallertsein, James H. Price, III, Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

Plaintiffs Robert D. Davis and Carl L. Mason, partners, trading as the Circus Room, filed an amended complaint with this Court alleging that defendants James Alvin Sprouse, Rebecca W. Troy, Morton G. Thalhimers, Inc. and Walter H. Williams violated plaintiffs' rights under 42 U.S.C. § 1985(2) by overt acts of conspiracy.

Plaintiffs make the following allegations. Plaintiffs are owners and operators of a restaurant called the Circus Room located in Richmond, Virginia. Defendant Sprouse allegedly stole some goods belonging to plaintiff Mason and Mason swore out a warrant for his arrest. On 21 March 1975 defendant Sprouse pled guilty to a charge of petty larceny as a result of the warrant. On several occasions, between the time of Sprouse's arrest and the trial, he threatened to cause harm to plaintiffs if Mason did not drop the charges against him. They persisted. Thereafter, Sprouse contacted defendant Williams, agent and employee of defendant Troy and defendant Thalhimers, Inc., offering to purchase the building that housed plaintiff's restaurant. Williams told plaintiffs that Sprouse was trying to purchase the building at which time plaintiffs told Williams about the threats. They expressed their own interest in purchasing the building pursuant to a prior agreement plaintiff Mason had made with Williams. Notwithstanding this prior agreement defendants Williams, Troy and Thalhimers, Inc., all ostensibly necessary parties, sold the building to Sprouse with full knowledge that Sprouse would cancel plaintiffs' lease if the aforementioned charge against him were not dropped. On 21 March 1975 Williams, on behalf of Sprouse, Troy and Thalhimers, Inc., sent plaintiffs notice, in accordance with the terms of the lease, of cancellation of the lease.

Plaintiffs further allege that the foregoing allegations of fact evidence a conspiracy amongst defendants to impede, hinder, obstruct and defeat the due course of justice in the Commonwealth of Virginia with intent to deny plaintiffs equal protection of the laws, and to injure plaintiffs and their property for lawfully enforcing their right to equal protection of the laws.

This matter is now before the Court on defendants' motions to dismiss the amended complaint. Since plaintiffs proceed as partners, not in their individual capacities, it must be assumed that the alleged conspiracy was aimed at the partnership or its interests.

Yet there is no allegation in the amended complaint of any conspiracy as against the partnership. Indeed, as against neither plaintiff are there allegations of overt acts of conspiracy alleged with particularity. Such pleadings are required in cases under the Civil Rights Act of 1870. *Weathers v. Ebert,* 505 F.2d 514, 517 (4th Cir. 1974); *Powell v. Workmen's Comp. Bd.,* 327 F.2d 131, 137 (2d Cir. 1964).

The so-called "overt acts" set forth in paragraph 8 of the amended complaint are a mere recitation of the juxtaposition of certain events which concurred or combined to cause damage to plaintiffs. This pleading affords no basis for implying a conspiracy. If a plaintiff is injured in a three car collision, his allegation of facts showing the

concurring negligence of the drivers of the other two cars does not amount to an allegation of conspiracy.

■. Plaintiffs herein allege that one or more defendants knew various and sundry things that other defendants knew, or wanted, or intended, and that "in spite" of such knowledge such defendants did certain acts. Such cannot be construed as an allegation of a conspiracy. If they were so construed then anybody who does anything or refrains from doing anything on the strength of what he knows about another's purposes, motives or interests would be, *ipso facto,* a co-conspirator with that other person. That would make most of us conspirators most of the time.

Suffice it to say that if plaintiffs proved the overt acts set forth in their amended complaint they would not have proved a conspiracy.

■ Moreover, even if the Court were to torture a conspiracy out of the allegations, plaintiffs would still have failed to state a cause of action. There must be some class-based discriminatory purpose behind an alleged conspiracy to make it actionable under Section 1985.

A Section 1985(3) case arose on a complaint that defendant coal company conspired to interfere with plaintiff's civil rights. Plaintiff was seeking evidence of the coal company's violations of the pollution prohibitions of the Rivers and Harbors Appropriation Act of 1899. While taking photographs of the coal company's discharge into a river to be used in evidence, plaintiff was set upon by employees of defendant and assaulted.

The district court's dismissal of the complaint as failing to state a claim under Section 1985 was affirmed by the Fourth Circuit in *Hughes v. Ranger Fuel Corp.,* 467 F.2d 6 (4th Cir. 1972):

Assuming, without deciding that Section 1985(3) is not restricted to conspiracies motivated solely by racial bias, still *Griffin* [*Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338] is clear to the point

that such section was not "intended to apply to all tortious conspiratorial interferences with the rights of others" nor was it to be interpreted as establishing, "a general federal tort law. . . . ." Accordingly, it is an essential element of any action under the statute as construed in *Griffin,* that there be in the case "the kind of invidiously discriminating motivation stressed by the sponsors of the limiting amendment." This requires that, "there must be some racial or perhaps otherwise class-based invidiously discriminating animus behind the conspirators' action." It is clear then, that "a complaint alleging purposeful discrimination toward an individual with no allegation of racial or otherwise class-based motivation" is insufficient under Section 1985(3) *Id.* at 10.

The complaint in *Hughes* alleged section 1985(3) as its basis. If the facts therein be actionable in a federal court, such facts (seeking evidence for court testimony) seem equally to be susceptible to a 1985(2) claim. Similarly, in *Bricker v. Crane,* 468 F.2d 1228 (1st Cir. 1972), plaintiff therein complained that action was taken against him by defendant because he sometimes testified in court against other doctors in medical malpractice claims. Though his brief made fleeting reference to Section 1985(2) (*Id.* at 1233), the Court construed it as a § 1985(3) case. Citing *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the Court affirmed the district court's conclusion that absent some class-based animus, the allegations of conspiracy are insufficient. *Cf. Arnold v. Tiffany,* 487 F.2d 216 (9th Cir. 1973); *Byrd v. Local Union,* 375 F.Supp. 545 (D.Md. 1974).

■ The Court's research has failed to disclose a decision respecting the applicability of this rule specifically to Section 1985(2). But the reason for the adoption of the Civil Rights Act of 1870 presumably permeates all parts of

48

the Act. If racial animus be read into Section 1985(3) as being an essential element thereof, there can be no reasonable rule of construction that excludes the same animus as an integral part of the immediately preceding and similarly worded subsection—Section 1985(2). There being no racial overtones, it follows that the complaint must be dismissed for failure to state a claim for which relief can be granted.

In reaching a decision herein the Court was unaided by reply brief from plaintiff, none having been filed, and the briefs supporting the several defendants' motions to dismiss were of little benefit to the Court.

An appropriate order shall issue.