Gerald E. SMITH, Sr.,
Plaintiff-Appellant,

v.

YELLOW FREIGHT SYSTEM, INC., et al., Defendants-Appellees.

No. 75–1570.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted April 15, 1976.

Decided June 21, 1976.

L. R. Magee, Prairie Village, Kan., for plaintiff-appellant.

John J. Kitchin, Kansas City, Mo. (John J. Jurcyk, Jr., Kansas City, Kan., on the brief), for defendants-appellees.

Before HILL and SETH, Circuit Judges, and TEMPLAR,* District Judge.

HILL, Circuit Judge.

Appellant Gerald E. Smith, Sr., was employed by appellee Yellow Freight System, Inc., as a road truck driver from about May 20, 1968, until late January 1971. In January 1971, appellant was involved in a truck collision which caused considerable damage to his employer's equipment and injuries to appellant. Appellant was discharged following the accident "for having two chargeable accidents within a five month period." [1]

Appellant filed a grievance concerning his discharge; three grievance hearings were held and appellant's grievance was denied each time. In these hearings, appellant contended that the accident was not chargeable to him and specifically argued he did not rear-end the other vehicle as the

---

* Honorable George Templar, United States District Judge, District of Kansas, sitting by designation.

1. The record is not clear on the definition of "chargeable accident." Apparently the term means either accidents which the employee could have prevented or serious accidents which resulted from the employee's recklessness.

employer claimed. Appellant also filed a civil action in the United States District Court for the District of Kansas against the other party involved in the January 1971 accident; appellant sought damages for personal injuries. The jury returned a verdict in favor of the defendant in that action on May 25, 1973.

The instant action was filed by appellant on October 12, 1973. Three counts are alleged. The claims are based upon 42 U.S.C. § 1985(2). Count one alleged that appellees . . . Krumreich and Meyers, acting within the course and scope of their employment with . . . Yellow Freight System, caused to be investigated the aforementioned truck collision. That . . . Krumreich and Meyers, contrary to the laws of the United States, conspired, for the purpose of impeding, hindering, obstructing or defeating Plaintiff from enforcing or attempting to enforce his claim for damages against the negligent third party, by wilfully and intentionally making totally false and unsupported written statements and reports regarding the occurrence of such truck collision.

Count II alleged in part that appellees . . . Krumreich and Melton, acting within the course and scope of their employment with . . . Yellow Freight System, Inc., conspired, contrary to the laws of the United States, for the purposes of impeding, hindering, obstructing or defeating Plaintiff's attempt to enforce his right to a fair and impartial grievance hearing under the Collective Bargaining agreement between Yellow Freight System, Inc. and Teamster's Union Local # 41, by using the totally false and unsupported written statements and

reports of the truck collision referred to in Count I in a grievance hearing.

Answers were served and a pre-trial order entered. Appellees then filed a motion to dismiss or, in the alternative, for summary judgment. The trial court denied the summary judgment motion, finding genuine issues of material facts remained unresolved. The court granted the motion to dismiss relying on two grounds. First, the court held the " . . . complaint fails to state a claim for relief under § 1985(2) since it lacks any allegations . . . " showing a class-based motivation on appellee's part. The court also held the allegations of " . . . a single act of discrimination, albeit by separate agents, of one business entity . . . . " failed to state the existence of a conspiracy between two or more persons as required by § 1985(2).

Appellant primarily argues that the trial court erred in dismissing the complaint when there remained a genuine issue of material fact, the existence of the conspiracy. Appellant says the motion had to be considered as one for summary judgment at the stage of the proceedings it was filed.

Although appellant does not clarify the basis of his argument concerning the summary judgment nature of the motion,[2] we hold that pursuant to Rule 12(b) the motion to dismiss for failure to state a claim upon which relief could be granted was converted into a motion for summary judgment.[3] *See Carter v. Stanton,* 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972). Some exhibits and affidavits were submitted which were not excluded by the trial court and which triggered the conversion under Rule 12(b). The trial court, however, clearly ordered the action dismissed because

---

**2.** As indicated, appellant generally asserts the motion's timing is the reason for considering it as a summary judgment motion. Appellant makes no specific allegation concerning prejudice to him resulting from the procedural aspects of the motion but argues on a substantive basis that the motion was not properly granted.

**3.** Rule 12(b) provides in pertinent part:
   If, on a motion asserting the defense numbered (6) to dismiss for failure of the plead-

ing to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment *and disposed of as provided* in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

of the failure of the complaint to state a claim upon which relief could be granted. The court did not rely upon any of the matters included in the exhibits because they did not pertain to the ground relied upon in giving judgment to appellees.

■ The motion, converted to a summary judgment motion under the language of Rule 12(b), remained the functional equivalent of a motion to dismiss.

If the motion is made by the defendant solely on the basis of the complaint the motion is functionally equivalent to a motion to dismiss for failure to state a claim under Rule 12(b)(6); the complaint should be liberally construed in favor of the complainant; the facts alleged in the complaint must be taken as true; and the motion for summary judgment must be denied if a claim has been pleaded.

6 Moore's Federal Practice ¶ 56.11[2] (2d ed. 1976). This Court is not bound by the trial court's designation of the motion. *Clark v. Volpe,* 481 F.2d 634 (4th Cir. 1973). Thus, we proceed to determine if a claim were pleaded.

Although two grounds to support the dismissal were given by the trial court, we believe the first ground is dispositive and rely on it. The trial court determined there was no allegation in the complaint of a class-based motivation[4] and that allegation was necessary to state a cause of action under § 1985(2).

Section 1985(2) and the relevant portion of § 1985(3) provide as follows:

*Obstructing justice; intimidating party, witness or juror*

(2) If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or

testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

*Depriving persons of rights or privileges*

(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

The portion of § 1985(2) before the semicolon has no possible applicability to the instant matter. Our attention is focused on that portion following the semicolon.

In *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the

---

**4.** Throughout the opinion, we will use varying phrases to describe this motivation; those phrases should be understood at all times as being shorthand expressions for a "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

Court had a case involving the quoted portion of § 1985(3) and discussed that section's legislative history and language in the following manner:

. . . [T]he supporters of the legislation insisted on coverage of private conspiracies [and] were equally emphatic that they did not believe, in the words of Representative Cook, "that Congress has a right to punish an assault and battery when committed by two or more persons within a State." [Citation omitted.] The constitutional shoals that would lie in the path of interpreting § 1985(3) as a general tort law can be avoided by giving full effect to the congressional purpose—by requiring, as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by the sponsors of the limiting amendment. . . . The language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all. [Emphasis supplied.]

Appellant argues the limitation of § 1985(3) by the Court should not be applied to § 1985(2). Our research reveals that several courts considering the matter have applied the "racial, or perhaps otherwise class-based, invidiously discriminatory animus" requirement of *Griffin* to suits arising under the language of § 1985(2) following the semicolon. In affirming the dismissal of a count based on § 1985(2), the First Circuit said:

There is a dearth of authority construing § 1985(2). We are inclined to read that portion of the section's language following the semicolon as paralleling § 1985(3), and subject, therefore, to the same doubts and limitations rooted in *Griffin* as § 1985(3). Both sections are directed toward "equal protection of the laws", the key phrase in the Court's analysis in

*Griffin.* [Citation omitted.] And there is nothing to suggest that the phrase was used in a different sense in § 1985(2) than it was in § 1985(3). *See Kelly v. Foreman,* 384 F.Supp. 1352 (S.D.Tex.1974); *Phillips v. Singletary,* 350 F.Supp. 297 (D.S.C.1972).

*Hahn v. Sargent,* 523 F.2d 461 (1st Cir. 1975). Numerous lower court decisions are consistent with *Hahn. Davis v. Sprouse,* 405 F.Supp. 45 (E.D.Va.1975); *Kelly v. Foreman,* 384 F.Supp. 1352 (S.D.Tex.1974); *Kerckhoff v. Kerckhoff,* 369 F.Supp. 1165 (E.D.Mo.1974); *McIntosh v. Garofalo,* 367 F.Supp. 501 (W.D.Pa.1973); *Johnston v. National Broadcasting Co.,* 356 F.Supp. 904 (E.D.N.Y.1973); *Phillips v. Singletary,* 350 F.Supp. 297 (D.S.C.1972).

Appellant argues § 1985(2) is much clearer than § 1985(3) in designating the interference with rights of any one *person. Griffin,* however, relied upon the term *equal protection* within § 1985(3) for inclusion of the racial or class-based animus as an element, and that term is within the language following the semicolon in § 1985(2). We cannot agree that the "any person" language alters this analysis. Consequently, we agree with the First Circuit and the numerous lower courts in holding that a racial, or perhaps otherwise class-based, invidiously discriminatory animus must be behind the conspirators' action for a cause of action under that portion of § 1985(2) following the semicolon.

The instant complaint contains no allegations which could be construed as alleging the requisite racial or other class-based animus. Appellant has never sought leave to amend to include such allegation. Appellant has never represented that such an allegation would be made or could be proven and, on appeal, has contended only that the aforementioned animus is not required for a § 1985(2) cause of action. In the absence of an allegation of the motivation specified in *Griffin,* the trial court properly determined no claim for relief was stated. *Hahn v. Sargent, supra.*

AFFIRMED.