**Robert E. McCARTHY, Successor to Walter E. Beck, as Manager of the United States Land Office at Sacramento, California, Appellant,**

v.

**Leonard E. NOREN and Harry C. Perry, Appellees.**

**No. 20671.**

United States Court of Appeals
Ninth Circuit.

Nov. 8, 1966.

Rehearing Denied Feb. 8, 1967.

Edwin L. Weisl, Jr., Asst. Atty. Gen., Manuel L. Real, U. S. Atty., Richard J. Dauber, Asst. U. S. Atty., Los Angeles, Cal., Roger P. Marquis, George R. Hyde, Attys., Dept. of Justice, Washington, D. C., for appellant.

Edson Abel, Middletown, Cal., for appellees.

Before DUNIWAY and ELY, Circuit Judges, and POWELL, District Judge.

POWELL, District Judge:

This appeal involves the action of the appellant in rejecting the desert land entry applications of the appellees. Two actions were filed by the appellees against the appellant in District Court. The first is Cause No. 2139–ND, which re-

---

sulted in an order of dismissal entered March 8, 1963; the second action is Cause No. 2347–ND, filed December 6, 1962, while the first action was pending but before the entry of the order of dismissal. Appellant contends that the judgment in the first action, No. 2139–ND, is res judicata and a bar to the appellees' second action. We agree and reverse with direction to dismiss the second complaint.

The appellees filed separate desert land applications in 1951 and 1952 with the United States Land Office at Sacramento, California. The applications were made on the forms supplied by the Land Office and were accepted and filed upon the payment by the appellees of the twenty-five cent per acre fee as provided by statute. 43 U.S.C.A. § 321. The applications are controlled by the Taylor Grazing Act, 43 U.S.C.A. § 315 et seq. and the Desert Land Act, 43 U.S.C.A. § 321 et seq.

On January 9, 1953, and without any prior notice to the appellees both of the applications were rejected by the predecessor of appellant on the ground that the lands applied for were unsuited for agricultural development. No hearing of any kind was accorded either of the appellees prior to the rejection of their applications.

The appellees appealed the rejections and pursued their administrative remedies without success. The final determination was adverse to them. In December 1960 they filed a complaint in the District Court in Cause No. 2139–ND against the Manager of the United States Land Office at Sacramento, California, where the original applications were filed and against the Regional Administrator, Bureau of Land Management.

In that action in an opinion the trial judge specified that the trial would be on the administrative record. See 199 F.Supp. 708. Thereafter an unpublished opinion was filed holding adversely to appellees and an order was entered dismissing the amended complaint.

That order affirmed the decision of the Secretary of the Interior of September 13, 1960. No appeal was taken from that decision and order. The first complaint in Cause No. 2139–ND sought a temporary restraining order and injunction directing defendants to refrain from any action affecting the status of the lands described, adjudging that the rejection of plaintiffs' applications, and each of them, were arbitrary and capricious, discriminatory and unlawful, and in excess of the statutory powers of the defendants. It asked that the rejection of the applications be set aside and that the applications be reinstated.

While the first action was pending and before the final order of March 8, 1963, to-wit, on December 6, 1962, the second complaint was filed in Cause No. 2347–ND against the same defendants, involving the same applications under the Taylor Grazing Act and the Desert Land Act, and involving the same real property. The second complaint has certain allegations that are identical to those in the first complaint. In the prayer of the complaint the plaintiffs ask the same relief, namely, that the defendants be enjoined from taking any further administrative action respecting the plaintiffs' applications, that they be required to reinstate and allow the applications of the plaintiffs and permit plaintiffs to enter the lands embraced within the applications.

The trial court refused to dismiss the second complaint on appellant's motion that the first action was res judicata.[1] The motion to dismiss was later renewed and again denied.[2] A pretrial conference order was entered on January 27, 1965, and the case was submitted to the court for determination on an agreed statement of facts.

On July 1, 1965, a memorandum decision was filed holding that the plaintiffs had not been accorded procedural due process in that they had not been permitted to present evidence at the time of the rejection of their applications.

1. Order of April 8, 1963 (R. 29).

2. Order of August 12, 1964 (R. 94).

The order appealed from here remanded the proceeding to the appellant for the purpose of setting aside the rejections of the applications and directing the conduct of further hearings consistent with the findings of the court.[3]

In both complaints the parties and the subject matter are the same. The first complaint stated that the action was brought under the Administrative Procedure Act. The second stated that it arose under the Fifth Amendment to the United States Constitution. The first complaint alleged that the rejection of the applications was arbitrary, capricious, discriminatory and unlawful. The relief asked for in both actions is the same, namely, reversal of the departmental decision. The only new element in the second complaint is the legal theory urged by the appellees that they were not accorded procedural due process under the Fifth Amendment to the United States Constitution.

The appellees could have urged that ground for recovery in the first case or on appeal from the adverse decision. The denial of procedural due process would come within the allegation of arbitrary and capricious action. The assertion of a different legal theory in the second complaint is not the same as the urging of a separate and distinct cause of action. The first decision was res judicata and this case must be reversed.

In Stark v. Starr, 94 U.S. 477, 485, 24 L.Ed. 276 (1876), the court stated:

> "It is undoubtedly a settled principle that a party seeking to enforce a claim, legal or equitable, must present to the court, either by the pleadings or proofs, or both, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which a special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litiga-tion if such a practice were permissible."

To the same effect are the following: Northern Pacific Railway Company v. Slaght, 205 U.S. 122, 130–132, 27 S.Ct. 442, 445, 51 L.Ed. 738; Hatchitt v. United States, 158 F.2d 754, 755 (9 Cir. 1946); Williamson v. Columbia Gas & Electric Corp., 186 F.2d 464, 469–470 (3 Cir. 1950); Annat v. United States, 277 F.2d 554 (5 Cir. 1960); Myers v. Gardner, 361 F.2d 343 (9th Cir. 1966).

This case is reversed and remanded to the District Court with direction to dismiss the complaint.

---

3. Order of September 17, 1965 (R. 155).