**SMALL BUSINESS ADMINISTRATION, etc., Plaintiff-Appellee,**

**v.**

**Louis TAUBMAN, Defendant-Appellant.**

**No. 25948.**

United States Court of Appeals, Ninth Circuit.

May 8, 1972.

**992**

Newton Kalman (argued), of Caidin, Kalman, Hartman & Sampson, Beverly Hills, Cal., for defendant-appellant.

Leonard Schaitman (argued), Morton Hollander, L. Patrick Gray, III, Asst. Atty. Gen., Washington, D. C., Robert L. Meyer/William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL, DUNIWAY, and KILKENNY, Circuit Judges.

DUNIWAY, Circuit Judge:

Appellee Small Business Administration (SBA) as Receiver of Newman Capital Corporation, sued appellant Taubman in this action for $60,000 owed on a note made by Taubman to Newman Capital. Taubman admitted liability on the note, but counterclaimed as the assignee of Olympic Capital Corporation for an amount allegedly owed to Olympic by Newman Capital. The trial court granted SBA's motion for summary judgment on the counterclaim on the ground of *res judicata*. Taubman appeals and we affirm.

Taubman's counterclaim arose out of a transaction in 1963 in which Olympic loaned $60,000 to one Joseph E. Newman. When Newman failed to repay the loan, Olympic sued Newman individually and Newman Capital asserting that Newman Capital was the alter ego of Newman. The District Court for Colorado granted summary judgment for Newman Capital, but awarded Olympic a judgment against Joseph Newman. That decision is final. As the assignee of Olympic, Taubman now claims that SBA, as Receiver of Newman Capital Corporation, is liable on the note involved in the Colorado District Court litigation.

■ ■ *Res judicata* bars a suit on a cause of action which has been judicially determined on the merits in a prior suit involving the same parties or their privies. Lawlor v. National Screen Service Corp., 1955, 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122. Taubman's counterclaim asserts the same cause of action asserted by his assignor Olympic in the Colorado case. Both claims arose from the same operative facts; both sought to achieve the same objective. It does not matter that Taubman's legal theories of "conspiracy" and "joint venture" between Joseph Newman and Newman Capital differ from the alter ego theory asserted by Olympic in the prior action. Wulfjen v. Dolton, 24 Cal.2d 891, 151

P.2d 846 (1944); McCarthy v. Noren, 9 Cir., 1966, 370 F.2d 845, 847, cert. denied 387 U.S. 917, 87 S.Ct. 917, 18 L.Ed. 2d 969 (1967); *see also* United States v. Kabinto, 9 Cir., 1972, 456 F.2d 1087; Flynn v. State Board of Chiropractic Examiners, 9 Cir., 1969, 418 F.2d 668, and cited cases.

Taubman's additional contention that summary judgment should not have been granted because a genuine issue of material fact existed with respect to the right of SBA to recover attorney's fees was waived by Taubman's failure properly to raise it on appeal and will not be considered by this court.

Affirmed.