**UNDERGRADUATE STUDENT ASSO-CIATION et al., Plaintiffs,**

**v.**

**Jack W. PELTASON et al., Defendants.**

**No. 71 C 2917.**

United States District Court,
N. D. Illinois, E. D.

Jan. 10, 1973.

**322**

Lawrence Silver, Philadelphia, Pa., Stanley J. Adelman, Chicago, Ill., Kent Hull, Urbana, Ill., for plaintiffs.

William J. Scott, Atty. Gen., William J. Perlman, Asst. Atty. Gen., James T. Otis, Price, Cushman, Keck, Makin & Cate, Chicago, Ill., James J. Costello, Urbana, Ill., for defendants.

Before SWYGERT, McLAREN, and WILL, District Judges.

### MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This is a civil rights case in which students and a student organization at the University of Illinois at Champaign, Illinois, seek to have Ill.Rev.Stat. ch. 122, § 30–17, which deals with the revocation of scholarship aid for misconduct, declared unconstitutional and to have its enforcement enjoined. The matter is now before this three-judge panel upon the motions of several defendants.

Defendant Rudasill, apparently a private person otherwise unconnected with the University of Illinois, allegedly conducted a hearing and issued a report on the conduct of certain plaintiff students at the request of defendant Peltason, the Chancellor of the university. It is further alleged that Rudasill's report recommended that Peltason revoke the scholarship aid of those students pursuant to the challenged statute. Rudasill moves to be dropped as a party under Rule 21, Fed.R.Civ.P., on the ground that he is not alleged to hold state office or employment. Because Rule 21 does not appear to be a proper basis for the dismissal of a defendant on this ground, the motion will be treated as one for failure to state a claim. The motion will be denied in light of the cases which have held private persons acting in concert with state officials to be within the coverage of 42 U.S.C. § 1983, which has been invoked here. See, e. g., Fulton v. Emerson Elec. Co., 420 F.2d 527, 530 (5th Cir.1969), cert. denied, 398 U.S. 903, 90 S.Ct. 1689, 26 L.Ed.2d 61 (1970); cf. United States v. Price, 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966).

The defendant employees and members of the state scholarship commission and defendants Peltason and Rudasill have moved to dismiss plaintiff Undergraduate Student Association (hereinafter "UGSA") on several grounds. First, they contend that UGSA lacks standing and capacity to sue because the complaint alleges injury only to the rights of its individual members. The courts have been increasingly willing to recognize the right of organizations to sue on behalf of their members. United Fed'n of Postal Clerks, AFL–CIO v. Watson, 133 U.S.App.D.C. 176, 409 F.2d 462, 469, cert. denied, 396 U.S. 902, 90 S.Ct. 212, 24 L.Ed.2d 178 (1969). E. g., Environmental Defense Fund, Inc. v. Hardin, 138 U.S.App.D.C. 391, 428 F.2d 1093, 1097 (1970); Holloway v. Bristol Meyers Corp., 327 F. Supp. 17, 23 (D.D.C.1971); ACLU of Va. v. Radford College, 315 F.Supp. 893, 896 (W.D.Va.1970). Some courts have held that organizations have standing to represent their members' interests even without any organization interest being involved. Norwalk CORE v. Norwalk Redev. Agency, 395 F.2d 920, 937 n. 43 (2d Cir.1968); Radford College, supra, while others have required the organizations to allege that their interests are affected as well. Alameda Conservation Ass'n v. California, 437 F.2d 1087, 1089, 1097 (9th Cir.), cert. denied, 402 U.S.

908, 91 S.Ct. 1380, 28 L.Ed.2d 649 (1971); Environmental Defense Fund, *supra;* Wisconsin State Employees Ass'n v. Wisconsin Natural Resources Bd., 298 F.Supp. 339, 344 (W.D.Wisc. 1969). Although language in Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 1367, 31 L.Ed.2d 636 (1972) seems to favor the former position, this Court finds it unnecessary to resolve the issue because, under the liberal standard of Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), we hold that the complaint sufficiently alleges injury to UGSA's interests. In the section describing the parties, the complaint alleges that UGSA is a political organization whose activities depend upon the ability of its members to exercise the constitutional rights which the challenged statute purportedly limits. We accordingly hold that UGSA has standing to represent its members here. National Student Ass'n v. Hershey, 134 U.S.App.D.C. 56, 412 F.2d 1103, 1120 (1969); Smith v. Board of Educ. of Morrilton Sch. Dist. 32, 365 F.2d 770, 777 (10th Cir. 1966); Wisconsin Student Ass'n v. Regents of Univ. of Wisc., 318 F.Supp. 591, 593 (W.D.Wisc.1970). As defendants recognize in their brief, this holding also resolves the question of capacity to sue under Rule 17(b), Fed.R. Civ.P., in UGSA's favor.

■■ Defendants' contention that UGSA lacks standing because it is not a member of the class which it seeks to represent will also be rejected. This is clearly untrue as to the purported class composed of other organizations similarly situated. As to its representation of its members, it would be absurd to hold that an organization has standing in the constitutional sense, but is barred by the technical requirements of Rule 23, Fed. R.Civ.P. *Norwalk, supra; Smith, supra.*

■ UGSA also purports to represent all other students situated similarly to its members. Because UGSA has not cited, and the Court cannot find, any authority to support its representation of non-member students, these allegations will be dismissed.

■ The defendant commission employees and members urge the dismissal of plaintiffs Pierson and Wingate for lack of standing to contest the validity of the statute because no action has been taken against them under it as yet. This contention fails to consider the fact that the requisite showing of adversity is less stringent where, as in this case, it is alleged that the mere existence of the statute has a chilling effect on the exercise of rights guaranteed by the First Amendment. Dombrowski v. Pfister, 380 U.S. 479, 487, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Muller v. Conlisk, 429 F.2d 901, 902–903 (7th Cir.1970). These defendants also seek dismissal of the case for failure to show the jurisdictional amount in controversy. Although this action involves property rights in that it will affect the rights of students to continue to receive scholarship aid, it is primarily concerned with their personal rights of freedom of speech and assembly. The amount in controversy is therefore irrelevant. Spears v. Robinson, 431 F.2d 1089, 1091 (8th Cir.1970); Mini Cinema 16 Inc. v. Habhab, 326 F. Supp. 1162, 1164 (N.D.Iowa 1970).

■ Defendant State Scholarship Commission moves that it be dismissed on the grounds that, as an agency of the State of Illinois, it is immune from suit.

It is, of course, well established that suits to restrain state officials and agencies from enforcing unconstitutional statutes are not forbidden by the Eleventh Amendment. Griffin v. County Sch. Bd., 377 U.S. 218, 228, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964). This is equally true where declaratory relief is sought. Lee v. Board of Regents, 441 F.2d 1257, 1260 (7th Cir.1971).

■ Plaintiffs also seek "damages, costs of suit and a reasonable attorney's fee." To the extent that such liabilities would have to be met from state funds, this Court is deprived of jurisdiction by the Eleventh Amendment. Ford Motor

Co. v. Department of Treasury, 323 U.S. 459, 463–64, 65 S.Ct. 347, 89 L.Ed. 389 (1945); Rothstein v. Wyman, 467 F.2d 226, 236 (2d Cir.1972). The difficult question of whether retroactive payments may be ordered as part of equitable relief will be deferred until its decision becomes necessary and the parties have more fully explored the law.

Certain defendants ask the Court to determine that this action may not be maintained as a class action because of plaintiff's failure to show that the requirements of Rule 23 have been met as to their respective classes. Rather than make this determination now, the Court orders plaintiffs to brief this issue and support their contentions with affidavits within thirty days, with defendants' answers, and plaintiffs' replies to be filed in compliance with Local General Rule 13(a), unless either side shall first file a motion for summary judgment, in which case the class determination shall be deferred until after the ruling on such motion.

It is so ordered.