**HANCOCK FINANCIAL CORPORATION, Plaintiff,**

v.

**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, Defendant.**

**Civ. No. 72–102.**

United States District Court, D. Arizona.

June 19, 1973.

Robert R. Thornton of Hahn, Cazier, Hoegh & Leff, Los Angeles, Cal., Philip E. von Ammon of Fennemore, Craig, von Ammon & Udall, Phoenix, Ariz., for plaintiff.

Frederick K. Steiner, Jr. of Snell & Wilmer, Phoenix, Ariz., Paul E. McGraw, Deputy Gen. Counsel, and Daniel J. Goldberg, Associate Gen. Counsel, Washington, D. C., for defendant.

## OPINION

COPPLE, District Judge.

Plaintiff in this case seeks declaratory judgment that interest on the receivership assets of Gibraltar Savings and Loan Association belongs primarily to it and not to defendant. Plaintiff owns substantially all of the guaranty capital of Gibraltar, and defendant is both the receiver and subrogee of withdrawable capital (savings) accounts of Gibraltar.

 Defendant has moved to dismiss on several grounds. The Court is bound to address itself first to subject-matter jurisdiction. There is no federal question jurisdiction under 28 U.S.C. § 1331. 12 U.S.C. §§ 1725(c)(4), 1730(k) (1) (proviso) (1970); see Wells v. Long, 162 F.2d 842 (9th Cir. 1947). Nor is there diversity jurisdiction. Miller v. FSLIC, Civil No. 6919-PHX-WPC (D. Ariz. Feb. 26, 1969). To the extent that the controversy is over the right of FSLIC to the receivership interest under Title IV of the National Housing Act, the complaint amounts to one for an injunction against a state court action, over which the Court abstains from exerting jurisdiction. 28 U.S.C. § 2283 (1970); see England v. Louisiana State Board, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

 Assuming, *arguendo*, that this Court has subject-matter jurisdiction, the suit is barred by res judicata. This controversy arises out of receivership proceedings in the courts of Arizona. Stowell v. Gibraltar Savings & Loan Ass'n, Civil No. 191093 (Maricopa Cty. Ariz.Super.Ct., May 24, 1971, and Nov. 24, 1971), appeal docketed, No. 1-CA-CIV-2005 (Ariz.Ct.App. Jan. 21, 1972). Plaintiff was denied the right to intervene in the receivership proceedings generally, Order of October 10, 1966, but was given notice of and participated in the proceeding on the question of interest disbursement at issue here. Proceedings on Petition No. 653 in Civil No. 191093, supra. It was a party to the state proceeding for all purposes relevant in the case at bar.

Furthermore, at the time that appeals were filed in state court, this plaintiff sought relief similar to that here in another case in this court. Hancock Fin. Corp. v. FSLIC, No. CIV-71-670-PHX-WEC (D.Ariz. Dec. 30, 1971), appeal docketed, Nos. 72–1323, –1327 (9th Cir. Jan. 28, 1972). The case was dismissed on res judicata and other

grounds, and that issue is therefore before the Ninth Circuit. It will not be relitigated here.

The parties and the issue in the state court case were identical to those here. The action is barred by res judicata. Visco v. Universal By-Products, Inc., No. 71–1444 (9th Cir. May 21, 1973); Adelt v. Richmond School Dist., 476 F.2d 662 (9th Cir. 1973); McCarthy v. Noren, 370 F.2d 845 (9th Cir. 1966).

It is unnecessary to consider the other grounds raised.