369 F.Supp. 1165 (1974)
William Daniel KERCKHOFF, Plaintiff,
v.
Richard D. KERCKHOFF, an Individual, et al., Defendants.
No. 73 C 649(4).
United States District Court, E. D. Missouri, E. D.
January 14, 1974.
Harry H. Craig and Clyde E. Craig, Wiley, Craig, Armbruster & Wilburn, St. Louis, Mo., for plaintiff.
E. C. Hartman, St. Louis, Mo., for defendants Richard D. Kerckhoff, Kenneth Richard Kerckhoff, and Pevely Dairy Co.; J. Leonard Schermer, St. Louis, Mo., Co-counsel.

*1166 MEMORANDUM AND ORDER
NANGLE, District Judge.
This action is before the Court upon the motion of the defendants to dismiss and upon the motion of the plaintiff for leave to file an amended complaint.
This is an action wherein plaintiff alleges that his employment was terminated in violation of 42 U.S.C. § 1981.
Defendants move to dismiss for failure to state a cause of action upon which relief can be granted. The Court will consider this a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. The ground for this motion is plaintiff's failure to allege racial discrimination. In his brief plaintiff argues that the Reconstruction period civil rights legislation, including § 1981, are not only applicable to claims of racial discrimination. The Court disagrees with plaintiff with respect to § 1981. Such is limited to claims of racial discrimination. Brady v. Bristol-Meyers, Inc., 459 F.2d 621, 623 (8th Cir. 1972). The original complaint will be dismissed.
Plaintiff seeks leave to file an amended complaint that has been proffered to the Court. Therein he broadens his allegations to include the claim that his employment was terminated in retaliation for filing a certain will contest suit in the Missouri state courts. Plaintiff claims that 42 U.S.C. §§ 1981, 1982, and 1985(2) and (3) are thereby violated. Although plaintiff makes conclusory allegations in the language of the cited statutes, he alleges no facts which indicate either a claim of racial discrimination or any violation of equal protection of the laws. No claim is found of "racial, or perhaps otherwise class based, invidiously discriminatory animus behind the [defendants'] action". Griffin v. Breckenridge, 403 U.S. 88, at 102, 91 S.Ct. 1790, 29 L.Ed.2d 538 (1971). The Court will deny leave to file the amended complaint.