**Anthony T. CARTOLANO, Plaintiff,**

v.

**Arthur TYRRELL, Individually and as Sheriff of McHenry County, Illinois, et al., Defendants.**

**No. 75C4274.**

United States District Court, N. D. Illinois, E. D.

Oct. 21, 1976.

Simon Stickgold, Woodstock, Ill., Harry Shriman, Chicago, Ill., for plaintiff.

James R. Schirott, Judge & Schirott, Ltd., Park Ridge, Ill., for defendant Tyrrell.

Samuel K. Skinner, U. S. Atty., J. E. Gubbins, Asst. U. S. Atty., Chicago, Ill., for defendants Higgins and Pierce.

William J. Scott, Atty. Gen., William L. Perlman, Asst. Atty. Gen., Chicago, Ill., for defendant Siragusa.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

### Motions to Dismiss

### I. *Introduction*

In this three-count action, plaintiff Anthony T. Cartolano charges the four named defendants and others with conspiracy to violate and actual violation of his constitutional rights through a systematic pattern of harassment, which allegedly included the abuse of process, unconstitutional search and seizure, malicious prosecution and defamation. According to plaintiff, the purpose and ultimate result of defendants' conduct was to drive him out of his fireworks design and manufacture business. For the alleged wrongs, plaintiff seeks compensatory and punitive relief under 42 U.S.C. §§ 1983 and 1985, and invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343. Pending before the Court are defendants' motions to dismiss pursuant to Rule 12(b) F.R.Civ.P. For the reasons set forth below we dismiss the federal defendants from this action, order defendant Tyrrell to answer or otherwise plead within twenty days and grant plaintiff twenty days to effect proper service on defendant Siragusa.

### II. *Factual Background*

From the Second Amended Complaint it appears that plaintiff had been engaged in the business of fireworks manufacture and display since 1950, during which time he had developed "a good reputation for diligence, competence and integrity, among his many customers in the industry." Complaint ¶ 4. Plaintiff's fireworks plant had been located in Orland Township, Illinois from 1957 to March 6, 1972, on which date an explosion of unknown origin completely destroyed the plant, despite plaintiff's careful adherence to all applicable safety regulations. Thereafter, plaintiff attempted to reestablish his fireworks business in McHenry County, Illinois at a location which had previously been used as a United States Army munitions depot. In connection with his efforts, on March 13, 1973, plaintiff applied for a federal license to operate his business at his new proposed location. On June 9, 1973, while plaintiff's application was still pending, an explosion occurred at another fireworks plant in McHenry County, which resulted, according to plaintiff, in "enormous pressure . . . on all agencies involved in the regulation of the fireworks business, to use extremest [sic] measures to divert the expected great tide of adverse public criticism." Complaint ¶ 8.

As a direct result of said alleged pressures, plaintiff alleges that: Complaint ¶ 9.

> defendants, individually and in their respective official capacities, willfully and with malicious intent acting under color of office and under the laws of the State of Illinois, conspired and agreed, without reasonable cause, to deprive that group of persons engaged in the fireworks business, in the general area where plaintiff's business has been conducted, including Cook and McHenry Counties and surrounding counties, of equal protection of the laws and of the equal privileges and immunities thereunder, in violation of the Constitution and laws of the United States. In furtherance of said conspiracy, defendants agreed to harass those engaged in the industry in said area, by the harshest, most unreasonable and petty demands under the statutes and rules relating to said business; intending, by this means, or by any other means to administer a "final solution" to the indus-

try, by causing those engaged therein to abandon their lawful occupations, and driving the fireworks business out of existence. In further pursuit of the conspiracy, and because plaintiff was a substantial member of the industry in said area, and as an object lesson to others in the industry, defendants conspired and agreed to employ any available device or method, no matter how unlawful, wellknowing that plaintiff had committed no violation of any law or regulation justifying such attacks, to accomplish the following objectives: (a) To concentrate upon plaintiff, by reason of his substantial position in the industry, as a target of continuous persecution and harassment; (b) to use every available device and means to deny plaintiff or his company the required licenses to conduct his business legally, and to procure the revocation of any licenses or permits which might be issued; (c) to confiscate and destroy the materials, supplies and inventory accumulated in his business; (d) to use any devious device to entice plaintiff to commit some criminal offense or offenses, which would then be prosecuted with utmost and unreasonable severity; (e) to destroy plaintiff's good name and reputation by the issuance of false and defamatory reports concerning plaintiff; (f) to persist without ceasing in the prosecution of the foregoing plan until plaintiff would, as a result of the exhaustion of his physical and emotional resources, be forced to abandon the fireworks industry; (g) to move as fast as possible, in furtherance of the conspiracy, to prevent plaintiff from conducting the large number of fireworks displays which defendants knew had been contracted and planned for July 4, 1973; and (h) to keep each other informed as to the actions to be taken by them respectively pursuant to the conspiracy, and to exchange all relevant data pertinent thereto.

### III. The Federal Defendants

In November 1974, the United States commenced a forfeiture action seeking the condemnation of certain fireworks which had been seized from plaintiff's company by federal agents. *United States v. Miscellaneous Explosive Material*, 74 C 3326 (N.D. Ill.1974). In that action, plaintiff herein, Anthony Cartolano, intervened as a party defendant and counterclaimed against the United States, seeking damages of $100,000 for alleged due process violations stemming from the government's confiscation of his fireworks. By Order dated June 27, 1975, and pursuant to a settlement agreement between the parties, both the forfeiture action by the United States and the counterclaim by Cartolano were dismissed with prejudice by the late Judge Lynch of this Court.

Based upon the June 27, 1975 Order, defendants Higgins and Pierce ("the federal defendants"), who serve respectively as Regional Director and Regional Attorney of the Bureau of Alcohol, Tobacco and Firearms of the United States Treasury Department, have moved to dismiss this action insofar as it relates to them, on the grounds that plaintiff's claims against them are barred under the principles of *res judicata*.

In support of their position, the federal defendants argue that the allegations contained in plaintiff's complaint regarding the conduct of the federal defendants is no more than a slightly more detailed recitation of the same basic due process allegations which were contained in the counterclaim in 74 C 3326, and since those basic allegations were dismissed with prejudice in the prior action, plaintiff should be barred from relitigating those claims. We agree.

The legal prerequisites to the application of the doctrine of *res judicata* are: (1) the existence of a final judgment rendered on the merits; (2) a subsequent action between the same parties or those in privity with them; and (3) the presence of the same claim or demand. See, e. g., *Baltimore Steamship Co. v. Phillips*, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927); *Saylor v. Lindsley*, 391 F.2d 965 (2nd Cir. 1968). Where all of these elements are present, the doctrine of *res judicata* operates to bind the parties "not only as to

every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195 (1876); *Commissioner of Internal Revenue v. Sunnen,* 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948).

The law appears to be clear that a "dismissal with prejudice is 'as conclusive of the rights of the parties as an adverse judgment after trial, being *res judicata* of all questions which might have been litigated in the suit.'" *Phillips v. Shannon,* 445 F.2d 460, 462 (7th Cir. 1971). See also, *Smoot v. Fox,* 340 F.2d 301, 305 (6th Cir. 1964); *Glick v. Ballentine Produce, Inc.,* 397 F.2d 590, 593 (8th Cir. 1968). And, as noted by the Seventh Circuit, this rule applies with equal force to dismissals with prejudice which result from settlements or compromises between the parties. *Kraly v. National Distillers & Chemical Corp.,* 502 F.2d 1366, 1368 (7th Cir. 1974). See also, *Stuyvesant Insurance Co. v. Dean Construction Co.,* 254 F.Supp. 102 (S.D.N.Y.1966). Thus, we can fairly characterize the Order dismissing the counterclaim in 74 C 3326 as a final judgment on the merits.

As to the second requirement of the test, insofar as plaintiff's complaint relates to the federal defendants, it is clearly between the same parties or those in privity with the parties involved in 74 C 3326. Further, the fact that plaintiff herein entered the previous action as as intervenor does not excuse him from the binding effect of that final judgment, see, e. g., *Boys Town, U.S.A., Inc. v. World Church,* 349 F.2d 576, 578 (9th Cir. 1965); *Hancock Financial Corp. v. Federal Savings & Loan Insurance Corp.,* 360 F.Supp. 1125, 1126 (D.Ariz.1973), *aff'd.,* 492 F.2d 1325 (9th Cir. 1974), particularly since the Court's Order in the prior action specifically dismissed the intervenors' claims with prejudice.

Finally, the claims and demands raised by plaintiff in his present action, as they specifically relate to the federal de-

fendants, are essentially the same as those raised in his counterclaim in 74 C 3326. Here, as in his earlier counterclaim, plaintiff's allegations regarding the federal defendants rest upon asserted due process violations stemming from what is alleged to be an improperly motivated seizure of plaintiff's fireworks, dilatorious treatment of plaintiff's license application and vexatious litigation seeking to condemn plaintiff's fireworks, all to the economic detriment of plaintiff. Though plaintiff now adds further factual detail to his claim against the federal defendants, since such factual allegations could have been raised in his counterclaim, these new allegations as well are barred by *res judicata.* See, e. g., *Cromwell v. County of Sac, supra; Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122 (1955). Further, plaintiff's present inclusion of a conspiracy theory against the federal defendants can best be characterized as "too little, too late," since the doctrine of *res judicata* operates to preclude relitigation of the same cause of action even where it is presented on a different legal theory. See, *Small Business Administration v. Taubman,* 459 F.2d 991, 992 (9th Cir. 1972); *Koblitz v. Baltimore & Ohio Railroad Co.,* 164 F.Supp. 367, 372 (S.D.N.Y.1958), *aff'd.,* 266 F.2d 320 (2nd Cir.), *cert. denied,* 361 U.S. 830, 80 S.Ct. 80, 4 L.Ed.2d 72 (1959); *Wolcott v. Hutchins,* 245 F.Supp. 578, 581 (S.D.N.Y. 1965).

We therefore find plaintiff's present claims against the federal defendants to be barred by *res judicata,* since they raise essentially the same claims against the same parties and have heretofore been dismissed with prejudice through a final judgment on the merits by a court of competent jurisdiction. Accordingly, the federal defendants' motion to dismiss them from this action is granted.

## IV. *Defendant Tyrrell*

Defendant Tyrrell is charged by plaintiff with having orchestrated the overall conspiracy against him, and is specifically accused of having first, undertaken a course of conduct designed to harass and mali-

ciously prosecute plaintiff for allegedly violating various ordinances relating to the maintenance and management of fireworks factories; and second, with having acted through his agents to entrap plaintiff into selling munitions or fireworks to undercover agents, which resulted in the seizure of plaintiff's plant. As against defendant Tyrrell, plaintiff seeks compensatory and punitive relief pursuant to 42 U.S.C. §§ 1983, 1985(2), and 1985(3) and invokes this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1343.

Defendant Tyrrell has moved to dismiss, arguing that the complaint fails to state a claim upon which relief can be granted under either §§ 1985(2) or (3), and that in any event, plaintiff's entire claim is barred by the applicable statute of limitations.

We note at the outset that defendant Tyrrell does not challenge the sufficiency of the complaint's allegations insofar as they purport to state a claim under § 1983, and therefore limit our present analysis to the arguments concerning §§ 1985(2) and (3).[1]

▆ § 1985(2) is comprised of two parts, one before and one after the semicolon. After the semicolon the statute repeats the language with which it began: "if two or more persons conspire . . .," but deals with the deprivation of equal protection of the laws.[2] Plaintiff appears to concede that the complaint fails to state a claim under the first portion of subsection (2) since it does not allege threats with respect to any party, witness or juror. Rather, it is plaintiff's position that by "threatening" Judge Baker of the Circuit Court of McHenry County, Complaint ¶ 16, defendants violated the portion of subsection (2) following the semicolon relating to "impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws."[3]

---

1. 42 U.S.C. §§ 1985(2) and (3) provide:

(2) If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the

laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

2. This division of § 1985(2) into two portions finds support in *Kelly v. Foreman,* 384 F.Supp. 1352, 1354–5 (S.D.Tex.1974).

3. We note parenthetically, that even if plaintiff had alleged interference with respect to any party, witness or juror in the proceedings before Judge Baker, he still would not have stated a claim under the first portion of § 1985(2) since that portion of the statute deals with "any court of the United States." As defined in 28 U.S.C. § 451, "court of the United States" refers only to Article III courts and certain

The portion of § 1985(2) upon which plaintiff relies employs virtually the same language regarding the deprivation of equal protection as contained in the first portion of § 1985(3), upon which plaintiff also bases his complaint. In *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971), the Supreme Court, in dealing with § 1985(3) stated:

> The language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all. (emphasis in original text.)

Although the Supreme Court in *Griffin* was construing only § 1985(3), there is no reason to believe that the result should be any different regarding the last clause of § 1985(2). See, e. g., *Johnston v. National Broadcasting Co., Inc.,* 356 F.Supp. 904, 909 (E.D.N.Y.1973). For as noted by the court in *Phillips v. Singletary,* 350 F.Supp. 297, 302 (D.S.C.1972), sections 1985(2) and 1985(3) are "kindred sections of a common statutory scheme," and racial or class-based discrimination is a condition precedent to invoking either provision. *Kerckhoff v. Kerckhoff,* 369 F.Supp. 1165, 1166 (E.D.Mo. 1974); *McIntosh v. Garofalo,* 367 F.Supp. 501, 505 (W.D.Pa.1973); *Boulware v. Battaglia,* 327 F.Supp. 368, 371 (D.Del.1971).

In order to determine whether a proper claim has been raised under §§ 1985(2) and (3), we must therefore test whether the alleged conspiracy meets the *Griffin* re-

quirement of "class-based, invidiously discriminatory animus." [4] Plaintiff asserts that the class against which defendants conspired was an occupational class—i. e. manufacturers and displayers of fireworks—and that the class status of that group satisfies the *Griffin* test. We disagree.

■ The "class-based, invidiously discriminatory animus" referred to in *Griffin* relates "to that kind of irrational and odious class discrimination akin to racial bias—such as discrimination based on national origin or religion." *Arnold v. Tiffany,* 359 F.Supp. 1034, 1036 (C.D.Cal.), aff'd, 487 F.2d 216 (9th Cir. 1973), cert. denied, 415 U.S. 984, 94 S.Ct. 1578, 39 L.Ed.2d 881 (1974). Neither *Griffin,* nor any case we have found interpreting § 1985 purports to open that section to all tortious conspiratorial interferences with the rights of others, or to expand § 1985 into a general federal tort law.

Rather, as indicated by the Seventh Circuit's most recent comment on § 1985, only those classes falling within a broad interpretation of "suspect classifications" qualify for protection under the *Griffin* interpretation of the statute. *Murphy v. Mount Carmel High School,* 543 F.2d at 1189 n.1 (7th Cir. 1976).[5]

■ Though we hold that plaintiff has failed to state a claim under §§ 1985(2) or (3), we do find that plaintiff has successfully stated a claim against defendant Tyrrell under § 1983. The remaining question, therefore, is whether plaintiff's claim, against defendant Tyrrell, is barred by the applicable statute of limitations. We hold that it is not.

---

federal courts created by Act of Congress, and does not include the various state courts such as the Circuit Court of McHenry County.

**4.** Plaintiff does not, and indeed could not contend that a showing of class-based discriminatory animus is not necessary where state action on the part of the conspirators is alleged, for that argument was soundly rejected by the Seventh Circuit in *Lesser v. Braniff Airways, Inc.,* 518 F.2d 538 (7th Cir. 1975).

**5.** Though not specifically called upon to determine the limits of "classes" which may qualify under the *Griffin* test, the Seventh Circuit has strongly intimated that the classes are limited to race, ethnic origin, sex, religion and political loyalty. See, *Murphy v. Mount Carmel High School et al.,* 543 F.2d 1189 n.1 (7th Cir. 1976).

Since Congress has made no provision for a period of limitations for § 1983 actions, we are directed to follow the limitations period fixed by the law of the forum state. *O'Sullivan v. Felix,* 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914). Defendant urges us to view this action as one in the nature of false arrest, malicious prosecution and abuse of process, all of which are subject to a two year limitations period under Ill.Rev.Stats. ch. 83, § 15. Our review of the decided law of this Circuit, however, reveals that actions brought under § 1983—particularly where a conspiracy claim is involved—are governed by the five year limitations period of Ill.Rev.Stats. ch. 83, § 16. *Rinehart v. Locke,* 454 F.2d 313 (7th Cir. 1971); *Wakat v. Harlib,* 253 F.2d 59 (7th Cir. 1958); *Amen v. Crimmins,* 379 F.Supp. 777 (N.D.Ill.1974).

Since all of the acts complained of in this case took place within the last five years, none of the claims contained in the complaint are barred by the applicable statute of limitations.[6]

Since we find that plaintiff has successfully stated claims against defendant Tyrrell, which claims are not barred by the statute of limitations, we direct defendant Tyrrell to answer or otherwise plead to the complaint within twenty days.

### V. *Defendant Siragusa*

Plaintiff admits that he has failed to properly serve process upon defendant Siragusa in accordance with the Federal Rules of Civil Procedure. Until such time as Siragusa is made a proper party to this action we deem it unnecessary to address the issues raised in his motion to dismiss.

In the interest of affording plaintiff an opportunity to fully litigate his claim, we grant him twenty days within which to serve Siragusa, after which time—if service is not effected—we will strike Siragusa from this action.

6. Further, even assuming *arguendo* that the two year limitations period of Ill.Rev.Stats. ch. 83, § 15 applied to this action, plaintiff has alleged an ongoing conspiracy which did not end until nine months before he filed this action. Accordingly, even under the two year limitations period this action would not be time barred.