**SAWMILL PRODUCTS, INC., Frederic Muntwyler, Sr., Frederic Muntwyler, Jr. and Jacqueline V. Muntwyler, Plaintiffs,**

**v.**

**TOWN OF CICERO, COOK COUNTY, ILLINOIS, a Municipal Corporation, Christy S. Berkos, Town President, Robert Zelenka, Cicero Business Licensing Department Head, Frand Czarnecki, Cicero Public Works Director, Gerald Resnick, Town Collector, John Kociolko, Town Trustee, Walter M. Wlodek, Town Attorney, Mike Longo, Gerald Dolezal, Anthony Smetana, Leroy Winczak, Board Trustees, John F. Kimbark, Town Clerk, Arthur Lange, Police Superintendent, Unknown Cicero Residents Serving as Members of the Dolezal Committee on Sawmill Products, Inc., John Segal, Fire Inspector, William Erlandson, and Emily Kovanda, Defendants.**

**No. 79 C 0496.**

United States District Court, N. D. Illinois, E. D.

Sept. 26, 1979.

**638**

Judith A. Halprin, Halprin, Halprin & Cantor, Chicago, Ill., for plaintiffs.

George E. Sang, Harry A. Young, Jr., Bilandic, Neistein, Richman, Hauslinger & Young, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The corporate and individual plaintiffs in this case have brought an action against the Town of Cicero, various public officials, and local residents for arbitrary and discriminatory behavior with respect to the licensing of a sawmill owned and operated by the plaintiffs. In Count I plaintiffs allege the actions violated plaintiffs' protected civil rights in violation of 42 U.S.C. § 1983;[1] Count II claims that defendant conspired to achieve this deprivation of rights in viola-

1. 42 U.S.C. § 1983 provides in relevant part:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. 42 U.S.C. § 1985(3) provides in relevant part:
 If two or more persons in any State or Territory conspire . . . for the purpose

tion of 42 U.S.C. § 1985(3).[2] Plaintiffs seek $51 million in compensatory and punitive damages.

The defendants have filed a motion to dismiss this action on several grounds. First, the defendants allege that the plaintiffs, both corporate and individual, lack standing to bring suit under either § 1983 or § 1985(3). Second, the defendants assert that the complaint fails to state a claim cognizable under federal law. Third, it is urged that even if the complaint alleges a good claim, it should be dismissed as to certain defendants for failure to connect them with the conduct in question.

### Standing

■ The complaint states that the conduct of the defendants violated the rights, privileges, and immunities of the plaintiffs. Although a corporation is not a "citizen" within the meaning of the privileges and immunities clause, *Hague v. Committee for Industrial Organization,* 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939), a corporation is a "person" for the purposes of the equal protection and due process clauses of the Fourteenth Amendment. *Grosjean v. American Press Co.,* 297 U.S. 233, 56 S.Ct. 444, 80 L.Ed. 660 (1936). As a result, the Seventh Circuit has held that a corporation has standing to bring an action under § 1983. *Fulton Market Cold Storage Co. v. Cullerton,* 582 F.2d 1071, 1079 (7th Cir. 1978); *Adams v. City of Park Ridge,* 293 F.2d 585, 587 (7th Cir. 1961).[3] Thus, the standing of the plaintiff corporation to bring this action seems clear.

of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

3. Because of the Court's disposition of the § 1985(3) claim, it is unnecessary to determine whether a corporate entity would have standing to bring a claim under that statutory provision.

■ The same cannot be said, however, for the individual plaintiffs. They allege no direct personal injury as a result of the defendants' conduct. Rather, as officers and shareholders in the corporation, they assert personal standing to sue as a result of the alleged injury suffered by the corporation. Although there is no Seventh Circuit precedent on this point, other federal courts considering this question uniformly have denied standing to individual plaintiffs. *Smith v. Martin*, 542 F.2d 688, 690 (6th Cir. 1976), *cert. denied*, 431 U.S. 905, 97 S.Ct. 1697, 52 L.Ed.2d 388 (1977); *Erlich v. Glasner*, 418 F.2d 226, 227 (9th Cir. 1969). In fact, even where the officers alleged a personal loss resulting from a diminution in their anticipated salaries, standing has been denied:

> Any losses suffered . . . still flow from the alleged losses Marty's [the corporate entity] incurred by the denial of the building permit and subsequent events. There are no allegations of separate injuries to plaintiffs as individuals
>
> . . .

*Marty's Adult World of New Britain, Inc. v. Guida*, 453 F.Supp. 810, 813 (D.Conn.1978). Therefore, the individual plaintiffs will be dismissed out of the case for lack of standing.

### The 12(b)(6) Motion

■ The defendants' motion to dismiss for failure to state a claim for relief actually is an amalgam of three distinct points. First, the defendants claim that a suit to protect proprietary interests is impermissible under the civil rights statutes. The Supreme Court in *Lynch v. Household Fi-*nance Corporation*, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972), however, expressly rejected the distinction between personal liberties and proprietary rights as a means of limiting the jurisdiction conferred upon the federal courts under 28 U.S.C. § 1343(3). Therein, the Court stated:

> The right to enjoy property without unlawful deprivation, no less than the right to speak or the right to travel, is in truth a 'personal' right, whether the 'property' in question be a welfare check, a home, or a savings account. 405 U.S. at 552, 92 S.Ct. at 1122.

The reasoning of *Lynch* renders untenable the argument that the plaintiff may not seek a remedy under § 1983 for damages to its business.

Defendants also assert that the complaint fails to allege conduct that violates the civil rights provisions. Defendants take the position that the complaint at most alleges torts under state law, such as interference with contractual relations or willful destruction of business, rather than a claim under the civil rights statutes. In support of their view, the defendants cite a number of cases for the proposition that the federal courts recently have become more reluctant to "federalize" various areas of state law under the aegis of § 1983. *See Ellentuck v. Klein*, 570 F.2d 414 (2d Cir. 1978).[4]

Plaintiff's claim, however, does not present the issue of whether state law torts should be brought within the umbrella of the civil rights acts. Rather, the question is whether the conduct alleged, irrespective of whether it violated any state laws, was in derogation of the rights of the corporation.[5]

4. The defendants also assert that the Town of Cicero, as a municipality, can be sued only for constitutional torts under *Monell v. Department of Social Services of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). There is no indication, however, that the Supreme Court intended to modify the essential elements of a § 1983 claim when a municipality is a defendant. The portion of *Monell* to which the defendants cite establishes that a municipality may be liable under § 1983 only for its direct or authorized acts; *respondeat superior* is unavailable to create vicarious liability on the part of a city. Since the complaint asserts the direct conduct of the city and sufficiently alleges the essential elements of a § 1983 action, this Court finds no bar to the joinder of the Town as a defendant in this case.

5. *See Hostrop v. Board of Junior College District 515*, 471 F.2d 488, 494, fn. 15 (7th Cir. 1972):

> (t)he fact that plaintiff relies upon his employment contract to establish a property interest worthy of protection through the due process clause does not mean that his only remedy is a contract action in state court. A civil rights action based on the deprivation of

In essence, the complaint alleges that the defendants (1) arbitrarily denied plaintiff the permit necessary to construct a fence that the Town of Cicero demanded be built; (2) refused to follow the normal administrative procedures in seeking to expel the plaintiff corporation from the Town, instead filing a frivolous action for an injunction against the plaintiff in state court; (3) enacted an ordinance with the sole purpose of driving the plaintiff corporation out of the community; (4) selectively enforced the terms of the ordinance against the plaintiff corporation; and (5) engaged in a conspiracy to accomplish these ends.

"The threshold inquiry in determining whether a complaint states a cause of action based on the denial of procedural due process is whether plaintiff has shown that the state has infringed upon a personal interest protected by the fourteenth amendment—either life, liberty or property." *Hostrop v. Board of Junior College District 515*, 471 F.2d 488, 494 (7th Cir. 1972). Under this standard, the allegations contained in the complaint are sufficient to state a claim for violation of procedural due process. The defendants challenge a number of the factual assertions made by the plaintiff; but "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). At this juncture of the proceedings, it cannot be said with certainty that the remaining plaintiff will be unable to prove facts which entitle it to relief under § 1983.[6]

 The complaint, however, fails to state a claim for relief under the standards

required by § 1985(3). In *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971), the Court noted that an essential element of a § 1985(3) claim was proof that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus. . . . " In *Murphy v. Mount Carmel High School*, 543 F.2d 1189, 1192 n. 1 (7th Cir. 1976), the court in dictum suggested that discriminatory animus based on union status was inadequate to satisfy the test set forth in *Griffin*. Moreover, the court in *Cartolano v. Tyrrell*, 421 F.Supp. 526 (N.D.Ill.1976), dismissed a § 1985(3) action, holding that the class-based animus required by *Griffin* must be the " 'kind of irrational and odious discrimination akin to racial bias—such as discrimination based on national origin or religion.' " *Id.* at 532.

The issue presented in *Cartolano* was strikingly similar to that presented by the instant complaint. In *Cartolano*, the plaintiff was a manufacturer of fireworks who sought to locate his business in McHenry County. He alleged that the defendant local and federal government officials conspired to deny him the right to locate in McHenry County through various means of harassment and public criticism. The court, however, rejected the contention that the occupational class of which plaintiff was a part—manufacturers and displayers of fireworks—satisfied the *Griffin* standard. Similarly, here the plaintiff corporation at most has alleged that the city's animus was directed at sawmill concerns. This simply is not enough to state a claim for invidious class-based discrimination as that term usually is understood.

---

due process and a contract action to recover damages for a breach are independent remedies.

6. In a motion to dismiss under Rule 12(b)(6), the Court may not consider matters outside the pleadings. If the Court accepts such materials, the motion is then considered under the summary judgment provisions of Rule 56. In this case, the defendants filed leave to have Judge Grady, who previously presided over this case, consider portions of the deposition of Frederic

Muntwyler, Sr. in support of their motion to dismiss. The issue was never briefed, and Judge Grady never decided whether or not to grant the request. Rather than consider the deposition evidence, the Court at this time will treat defendants' motion strictly as one to dismiss under Rule 12(b)(6). Of course, this does not preclude defendants from including depositions or affidavits in any future motion for summary judgment that might be raised.

Finally, the defendants claim that this action must be dismissed because the plaintiff failed to exhaust remedies available at the state level. None of the cases cited by defendants, however, supports this position.[7] In *Elmwood Properties, Inc. v. Conzelman*, 418 F.2d 1025, 1027 (7th Cir. 1969), for example, it was observed that Supreme Court precedent has not conditioned the right to proceed under the civil rights statutes upon an exhaustion of available state remedies. *See Screws v. United States*, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945). "[N]evertheless, when, as here, an exhaustion of remedies will eliminate any possible constitutional problems, then that route should be followed." 418 F.2d at 1027 (emphasis supplied).

In *Elmwood Properties, Inc.*, the plaintiffs failed to pursue available administrative remedies or to join in the existing state court litigation concerning the issue in that case—the right of plaintiffs to obtain a permit to restore a building for residential use. The plaintiffs claimed that the denial of a permit for this purpose constituted a taking without compensation and therefore violated due process. In this context, the court concluded that the constitutional issue could be avoided by utilization of state remedies available to the plaintiffs.

■ This case, however, presents a different situation. The plaintiff here alleges that the normally available administrative remedy has been made unavailable by reason of the defendants' arbitrary behavior. There no longer appears to be any existing state suit which the plaintiff could join in.[8] Moreover, the plaintiff has alleged that the state court litigation, as well as the passage and enforcement of the ordinance, were aimed at driving it out of business. As a result, it cannot be said that here, as in *Elmwood Properties*, the plaintiff has an adequate remedy readily available at the state level to resolve the constitutional issues.

### Motion to Dismiss as to Individual Defendants

■ Certain individual defendants also seek dismissal on the basis that the complaint fails to link them with the grievance alleged under § 1983. Rule 8(a) of the Federal Rules of Civil Procedure requires only a clear, concise statement sufficient to notify the defendants of the legal theory underlying plaintiff's claims and the grounds which support them. *Austin v. House of Vision*, 385 F.2d 171 (7th Cir. 1967). Under this type of notice pleading, the full development of facts and the narrowing of contested issues are accomplished through discovery and other pretrial procedures. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As to most of the defendants, the complaint clearly states the legal basis for the action as well as the facts which support the claims.

■ The complaint, however, fails to connect four of the defendants up with the § 1983 claim. Defendant Czarnecki is mentioned only with respect to an oral agreement in the fall of 1977, which authorized plaintiff corporation to pick up logs stockpiled in Cicero. The course of events which allegedly violate § 1983 does not seem to have begun until the spring of 1978. There is nothing in the complaint to suggest that Czarnecki was in any way involved in these events.

---

7. Most of the cases cited by the defendants involve the principle of *Younger* abstention, which is invoked only where there is an on-going state criminal proceeding, or other proceeding in which the state is an interested party. *See Trainor v. Hernandez*, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). These precedents are inapplicable for several reasons. First, there no longer is any proceeding pending in state court. *See* note 8, and accompanying text, *infra*. Second,

*Younger* abstention has been extended only to those civil procedures in which the state, not a municipality, is a party. Third, *Younger* abstention does not apply to state proceedings brought in a bad faith with the purpose of harassing the federal plaintiff. In this case, the plaintiff alleges this very fact—that the state proceeding was brought without legal basis.

8. Plaintiffs' Brief in Opposition to Motion to Dismiss, at 12.

Similarly, defendant Wlodek does not appear to have participated in any of the conduct which forms the basis of the complaint. He opposed the filing of the state court action against the plaintiffs, and for this reason was "relieved . . . of his duties as Town Attorney in relation to the Plaintiffs . . ." (Complaint, ¶ 22). No other statement in the complaint ties Wlodek in with the acts forming the basis of the § 1983 claim.

As private individuals, defendants Erlandson and Kovanda can be held liable under § 1983 only if it is shown that they joined with local officials in an effort to violate the protected rights of the plaintiff corporation. *Undergraduate Student Association v. Peltason*, 359 F.Supp. 320, 322 (N.D.Ill.1973); *Brooks v. Peters*, 322 F.Supp. 1273, 1277 (N.D.Ill.1971). In this case, as was the case in *Brooks*, the complaint contains no allegation that Erlandson and Kovanda acted at the behest of city officials. In the absence of such an allegation, the mere fact that these defendants protested the presence of the sawmill in the community is insufficient to state a claim against them under § 1983. Indeed, to force these private individuals to remain in the case at this time could serve only to chill the exercise of their First Amendment right of petition. *See Weiss v. Willow Tree Civic Association*, 467 F.Supp. 803, 817 (S.D. N.Y.1979). Thus, defendants Erlandson and Kovanda will be dismissed from the action as well.[9]

In summary, the defendant's motion to dismiss is granted in part and denied in part. The individual plaintiffs are dismissed from the case for lack of standing. The § 1985(3) claim is dismissed as to all defendants for failure to state a claim upon which relief may be granted. The § 1983 claim is dismissed as to individual defendants Czarnecki, Wlodek, Erlandson, and Kovanda for failure to state a good claim for relief. In all other respects, the motion to dismiss is denied. It is so ordered.

9. It might be that discovery will show that Erlandson and Kovanda are among the unknown residents who served on the Dolezal Committee on Sawmill Products, Inc. If this proves to be the case, the private citizens may be added as defendants at that time.