Judgments; former adjudication; res judicata. — On July 3,1980 the court entered the following order:
Before Nichols, Judge, Presiding, Kashiwa and Smith, Judges.
This case comes before the court, without oral argument, on defendant’s motion to dismiss. Plaintiffs prior suit in this court, Jones v. United States, 222 Ct.Cl. 504 (1974), reveals that he sought damages of $50 million for the use of surveillance equipment by the Government that he claimed he owned, as well as $25 million in damages for the use of the equipment in a conspiracy to murder his family. By order dated December 7, 1979, the court granted the Government’s motion to dismiss noting that plaintiffs claim sounded in tort. Furthermore, the claim was barred by the 6-year statute of limitations. No appeal was taken from that ruling.
Plaintiff now alleges that in 1975 President Ford indicated the United States was responsible for the death of members of plaintiffs family while using the same surveillance equipment. Once again plaintiff seeks $75 million in damages.
The general rule of res judicata applies to suits involving the same cause of action and provides that a final decision on a claim bars subsequent action on that claim, including *740 issues which were not raised. Container Transport International, Inc. v. United States, 199 Ct. Cl. 713, 468 F.2d 926 (1972). Here plaintiff makes essentially the same claim as before, although it has been altered to sound in contract and to overcome the defense of the statute of limitations. The assertion of different legal theories in a second suit, however, does not prevent the application of res judicata. McCarthy v. Noren, 370 F.2d 845 (9th Cir. 1966), cert. denied, 387 U.S. 917 (1967). Accordingly, plaintiffs current petition must be dismissed as a matter of law.
it is therefore ordered that defendant’s motion to dismiss is granted, and plaintiffs petition is dismissed.